COMMONWEALTH of Pennsylvania,
Appellee,

v.

Earl Drew BALDWIN, Jr. a/k/a Earl
Parker, Appellant (Two Cases).

Superior Court of Pennsylvania.

Submitted June 26, 2000.
Filed Sept. 27, 2000.

Mitchell A. Kaufman, Public Defender, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: JOYCE, TODD and TAMILIA, JJ.

JOYCE, J.:

¶ 1 These consolidated appeals are from the judgment of sentence entered after Appellant, Earl Drew Baldwin, Jr., pled guilty to multiple counts of robbery[1] and criminal attempt.[2] For the following reasons, we affirm. Before addressing the merits of this appeal, we will recount the pertinent facts of this case.

¶ 2 Appellant entered into a negotiated plea agreement pursuant to which he would plead guilty to four (4) counts of robbery and one (1) count of criminal attempt in exchange for which he would receive a sentence of seven and one-half (7½) to twenty (20) years' imprisonment. Appellant's plea was tendered to and accepted by the trial court on August 8, 1999. Thereafter, the trial court sentenced Appellant in accordance with the terms of his agreement.

¶ 3 Appellant was represented by members of the Public Defender's Office, who filed a timely notice of appeal on Appellant's behalf.[3] This appeal was docketed at No. 1521 WDA 1999. The trial court then ordered Appellant to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). This statement was filed January 7, 2000.

¶ 4 Apparently, unbeknownst to his counsel, Appellant filed a *pro se* postsentence motion seeking to modify/reduce his sentence on August 23,1999. Appellant's *pro se* motion was later denied by operation of law. At this point Appellant's counsel filed a second notice of appeal from the judgment of sentence, as made final by the denial of Appellant's post-sentencing motion. This appeal was docketed at No. 171

---

1. 18 Pa.C.S.A. § 3701(a)(1)(i) and (ii).

2. 18 Pa.C.S.A. § 901(a).

3. The Public Defender's Office represented Appellant during the plea, sentencing, and appeal proceedings. They continue to represent Appellant.

WDA 2000. This Court *sua sponte* consolidated the appeals.

■■■ ¶ 5 The sole issue presented for our review is whether trial counsel was ineffective for failing to adequately explain the terms of the plea to Appellant.[4] Without any reference to authority or citation, Appellant opines that the Pennsylvania Board of Probation and Parole interprets the Violent Offender Incarceration and Truth in Sentencing Grants Act (42 U.S.C. §§ 13701, et seq.) to require defendants to serve 85 percent of their maximum sentence. Appellant's Brief at 12. Appellant refers to the Truth in Sentencing Grants Act (TIS) and has demonstrated that our Commonwealth has qualified for and received funds from this grant. This much is not in dispute. Nevertheless, Appellant fails to direct us to or cite to any authority to demonstrate that the Probation and Parole Board now requires inmates to serve 85 percent of their maximum sentence. Accordingly this claim is waived. *Commonwealth v. Owens*, 750 A.2d 872, 877 (Pa.Super.2000). Even were we to address this claim, Appellant's argument still fails.

■■■ ¶ 6 Appellant asserts that counsel failed to explain that under the TIS, he would be required to serve 85% of his maximum sentence, or seventeen (17) years, prior to being eligible for parole. *Id.* Thus, his plea was entered under the mistaken impression that he would be eligible for parole in seven and one-half (7½) years, not in seventeen (17) years. Therefore, he argues his plea was involuntary and unknowingly entered.

■■■ ¶ 7 Considering the issue of counsel's ineffectiveness, we recognize that:

The threshold inquiry ... is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be ineffective for failing to assert a meritless claim. Once this threshold is met[,] we apply the reasonable basis test to determine whether counsel's chosen course was designed to effectuate his client's interest. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course[,] then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. The burden of establishing counsel's ineffectiveness is on the [defendant] because counsel's stewardship of the trial is presumptively effective.

*Commonwealth v. Wilson*, 543 Pa. 429, 440, 672 A.2d 293, 298, *cert. denied*, 519 U.S. 951, 117 S.Ct. 364, 136 L.Ed.2d 255 (1996) (citation and quotation marks omitted).

Moreover, claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea....

The law does not require that Appellant be pleased with the outcome of his decision to enter a guilty plea[;][a]ll that is required is that Appellant's decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1004–1005, *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (citations and quotation marks omitted).

4. Generally, a public defender may not argue the ineffectiveness of the same public defender's office since appellate counsel is essentially deemed to have asserted a claim of his or her own ineffectiveness. When Appellate counsel asserts his own ineffectiveness, the case should be remanded so that new counsel may be appointed except where it is clear from the record that counsel was ineffective or it is clear from the record that the ineffectiveness is meritless. *Commonwealth v. Ciptak*, 542 Pa. 112, 665 A.2d 1161, 1162 (1995). In this case, it is clear from the record that the ineffectiveness claim is meritless, thus we do not need to remand.

¶ 8 Pennsylvania's sentencing and release guidelines provide that, at the discretion of the Parole Board, parole may be granted after the expiration of the minimum term. (emphasis added) 61 P.S. § 331.21. Furthermore, the minimum term may not exceed one-half the maximum term. 42 Pa.C.S.A. § 9756(b). Pursuant to the TIS, a state is eligible for the grant when a person convicted of certain specified violent crimes, serves on average, not less than 85 percent of the prison term established under that State's sentencing and release guidelines. (emphasis added) 42 U.S.C. § 13704(a)(3)(A). Another way a state may qualify for the TIS grant is by demonstrating that inmates serve on average, not less than 85 percent of the maximum prison term. 42 U.S.C. § 13704(a)(3)(B). However, Pennsylvania does not qualify under this second provision, rather it qualifies under subsection (A). *See for example Carter v. Muller*, 45 F.Supp.2d 453, 456 (E.D.Pa.1999) (finding that Pennsylvania qualifies for the TIS grant under subsection (A) and therefore is not required to keep its prisoners imprisoned for 85 percent of their maximum terms.)

¶ 9 Accordingly, Appellant's claim that he will be forced to serve 85 percent of his maximum sentence is without merit. In fact, Appellant will serve 100 percent of his minimum sentence, thereby meeting the 85 percent criteria set forth in 42 U.S.C. § 13704(a)(3)(A). Regardless of the fact that Pennsylvania qualifies for TIS funds, Appellant will still be eligible for parole upon completion of his minimum sentence. We remind Appellant this does not guarantee he will earn parole. "Parole is a matter of grace and mercy shown to a prisoner who has demonstrated to the Board's satisfaction his ability to function as a law abiding member of society." *Commonwealth v. Stark*, 698 A.2d 1327, 1333 (Pa.Super.1997). We thus conclude that this claim is meritless as Appellant's plea was entered knowingly, voluntarily and intelligently. Finding that no relief is due, we affirm the judgment of sentence.

¶ 10 Judgment of sentence affirmed.