Carl R. RICE, Appellant

v.

James T. WYNDER; The District Attorney of the County of Philadelphia; The Attorney General of the State of Pennsylvania.

No. 06–4689.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 25, 2009.

Opinion Filed: Sept. 30, 2009.

Diana Lynn Stavroulakis, Esq., Pittsburgh, PA, for Appellant.

Joshua S. Goldwert, Office of District Attorney, Philadelphia, PA, for James T. Wynder; The District Attorney of the County of Philadelphia; The Attorney General of the State of Pennsylvania.

Before: BARRY, FISHER and JORDAN, Circuit Judges.

OPINION

BARRY, Circuit Judge.

On May 17, 2007, we granted a certificate of appealability as to two of Carl Rice's federal habeas claims, each of which alleged a violation of his Sixth Amendment right to the effective assistance of counsel. Rice argues that counsel rendered ineffective assistance when he failed to file a direct appeal and when he failed to properly advise Rice regarding the possibility of obtaining a reduction of his sentence, thereby inducing Rice to plead guilty. We will affirm.

I.

Rice pled guilty to third-degree murder and other related charges pursuant to a plea agreement in which he agreed to a sentence of 27 to 54 years in prison in return for the Commonwealth's agreement to drop a first-degree murder charge. Rice did not file a direct appeal, but instead filed a PCRA petition in which he apparently argued, although it is less than clear, that counsel was ineffective because

he failed to file a post-sentence motion for modification of the sentence, failed to advise Rice that his guilty plea could result in deportation,[1] and failed to file an appeal in a timely manner. The PCRA Court denied Rice's petition, but the Superior Court remanded for a hearing as to "whether [Rice] indeed requested that counsel file a direct appeal, whether counsel ineffectively failed to file that appeal, and for consideration of any other issues raised by [Rice]." (App. at 87.)

The PCRA Court held a two-part hearing at which Rice was represented by counsel. At the first part of the hearing, on February 23, 2004, the Court heard the testimony of plea counsel, who testified that an intermediary asked him to seek reconsideration of Rice's sentence and that he failed to do so. Counsel was unclear as to whether Rice himself requested him to file an appeal or a post-sentence motion. Rice then testified that he was seeking only reconsideration of his sentence and that he was not seeking to withdraw his plea. Rice did not ask that his appellate rights be reinstated and counsel confirmed with Rice, on the record, that the only relief Rice was seeking was reconsideration of his sentence.

The PCRA Court then scheduled an evidentiary hearing "with regard to [the] motion to reconsider or modify the sentence," to be held the following week. (App. at 31.) At that hearing, on February 27, 2004, Rice testified that he understood that he agreed to 27 to 54 years, but that "I understood this to mean ... maybe by the mercy of the Court, the mitigating factors, maybe the plea would have been 20 to 40." (App. at 34.) Rice testified that plea counsel never told him that the sentence could not be modified from the agreed-upon 27 to 54 years, and did tell him "he would file a motion to reconsider the sentence in five years or something like this." (App. at

35.) On cross-examination, Rice confirmed that he had committed the crimes to which he had pled guilty and had testified truthfully as to his understanding of his plea at the plea colloquy. He stated that the plea to third degree murder was "greatly appreciated" (App. at 34) because it ensured that he would not face the death penalty. In closing, counsel stated: "[P]etitioner is not attempting to withdraw his plea. He is not saying that he is not guilty. What he is saying is that he did not understand that it was binding that he would get 27 to 54 years incarceration." (App. at 41.)

The PCRA Court then determined:

I think, Mr. Rice, I think he understood exactly what was going on at the time of his plea; was thankful that he avoided both the death penalty and a life sentence; that this is a clear case of change of heart, hindsight, second-guessing, whatever, disappointment in some way subsequent to the time, although he was thoroughly satisfied, I do believe, at the time of the event when he received the absolute benefit of his bargain, which was the 27 to 54 years. (App. at 41.)

On appeal from this decision, Rice took a different approach, arguing that the PCRA Court should have allowed him to withdraw his guilty plea because it was induced by counsel's erroneous sentencing advice. The Superior Court found that Rice had abandoned any claim of ineffective assistance as to the filing—or non-filing—of a direct appeal. The Court went on to discuss, in some detail, the applicable law and, in much detail, the record that it found supported the PCRA Court's conclusion that the requisites for a valid plea had been satisfied in the written and oral plea colloquies. The Court thereupon found that

---

1. Rice is a U.S. citizen, and later stated that the reference to deportation was a mistake.

[t]he record supports the PCRA court's conclusion that Appellant chose to enter the plea, and, after he was sentenced in accordance with the agreement in exchange for the withdrawal of first degree murder charges, he was disappointed with the negotiated sentence. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." [*Com. v.*] *Pollard,* 832 A.2d [517] at 524 [(P.Super.2003)] (quoting *Commonwealth v. Baldwin,* 760 A.2d 883, 885 (Pa.Super.2000), *appeal denied,* 566 Pa. 634, 781 A.2d 138 (2001)).

(App. at 95). Concluding that Rice's negotiated guilty plea was validly entered, the Court rejected the ineffective assistance of counsel claim finding that counsel was not ineffective for failing to raise a meritless claim. The Pennsylvania Supreme Court denied review.

In his habeas petition, Rice alleged that he was deprived of his Sixth Amendment right to effective assistance of counsel *not* because counsel failed to file an appeal, but because counsel failed to file a post-sentence motion despite the fact that Rice "specifically asked plea counsel to file a motion for reconsideration of his sentence within the 10–day window permitted for doing so." (App. at 51.) Rice alleged, as well, that counsel did not explain to him that "[he] was pleading guilty for a specific sentence," and that "[his] youth at the time of the plea, as well as his poor education, combined with plea counsel's ineffectiveness rendered his guilty plea unknowing and involuntarily entered." (App. at 51–52.)

By order dated November 5, 2006, the District Court approved and adopted the Report and Recommendation of the Magistrate Judge, and denied the habeas petition. In the Opinion adopted by the Court, the Magistrate Judge recognized that the terms "motion for reconsideration" and "appeal" were used interchangeably by counsel at the PCRA hearing. (App. at 6, n.1). Somewhat curiously, the Magistrate Judge continued to use the terms interchangeably, calling them in his Opinion "appellate rights," and concluding that habeas relief was not warranted because Rice's "state appellate rights" had effectively been reinstated "through two PCRA evidentiary hearings and full appellate review." (*Id.* at 12). He concluded as well that the Superior Court's ruling as to the voluntariness of Rice's plea was "well in accord with federal law," and why, and that to accept Rice's argument that plea counsel's advice—or lack thereof—induced his guilty plea because Rice believed that he could file a motion for reconsideration "would require the Court to disregard outright all the statements made in open court, on-the-record and in direct response to questions about [Rice's] understanding of the consequences of his plea." (App. at 14, 16.)

We granted a certificate of appealability as to two issues: (1) whether counsel rendered ineffective assistance when he failed to file a direct appeal; and (2) whether Rice's guilty plea was induced by plea counsel's failure to properly advise him regarding the possibility of obtaining a reduction of his agreed-upon sentence under Pennsylvania law.[2]

**II.**

We exercise plenary review of the decision of the District Court denying, without an evidentiary hearing, Rice's habeas petition. *Thomas v. Horn,* 570 F.3d 105, 113

---

**2.** It appears that the complete state record was not before the Magistrate Judge or the District Court when they ruled or before us when we granted a certificate of appealability. It is before us now.

(3d Cir.2009). The District Court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

## A. Ineffective Assistance for Failure to File an Appeal

We granted a certificate of appealability as to defense counsel's failure to file a direct appeal. In light of the full record now before us, we need not have done so. Rice repeatedly testified at the PCRA hearing that the only relief he was seeking was modification of his sentence by the sentencing judge, thus essentially admitting that counsel was *not* ineffective for not filing an appeal. This was confirmed in Rice's brief on appeal from the denial of the PCRA petition which stated: "It was established [at the PCRA hearing] that the appellant did not wish to appeal his conviction, but that *he desired only a modification of sentence.*" (App. at 150.) The issue, if issue it be, never went any further, and the Superior Court concluded that Rice "abandoned any claims related to counsel's failure to file a direct appeal." (App. at 91 n.4). We agree.

## B. Guilty Plea Induced by Ineffective Assistance of Counsel

We may not grant relief as to a claim that was adjudicated on the merits in state court proceedings unless that adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law," or resulted in a decision that was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d). The state courts' factual findings are presumed to be correct unless the presumption is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In cases where a defendant claims that he was induced to plead guilty based on the ineffective assistance of counsel, the defendant must show "a reasonable proba-bility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We have held that a defendant "must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." *Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir.1995), superseded by statute on other grounds as stated in *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir.1996).

Rice alleges that, but for counsel's failure to inform him that his sentence was not modifiable, he would have pleaded not guilty and that "part of the reason he entered the plea was because he felt the sentence could be revisited and shortened at a later point." (Appellant's Br. at 41). During the PCRA hearing, he specifically and repeatedly disclaimed any interest in withdrawing his guilty plea, and confirmed that he truthfully answered all of the trial court's questions about his understanding of his plea during the plea colloquy. Moreover, he did not testify that any advice given by plea counsel *before* entry of his guilty plea induced him to plead guilty, but only that plea counsel told him, at some point, that he would file a motion in five years and that the sentence, at that point, could be reduced. On appeal from the denial of the PCRA petition, however, he alleged that "there is a reasonable probability that he would have gone to trial had he been fully cognizant of the sentence to which he was agreeing," (App. at 132), although he offered nothing to support that allegation.

We have discussed in some detail the proceedings before the PCRA Court and the Superior Court and will not reprise that discussion here. Suffice it to say that the District Court correctly concluded that the state courts' adjudication of this claim on the merits was not "contrary to" or an

"unreasonable application of clearly established Federal law," nor did it result in a decision that was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d).

### III.

We will affirm the order of the District Court.