J-A16010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HOLLY OAKMAN, | |
| Appellant | No. 1791 EDA 2014 |

Appeal from the PCRA Order April 22, 2014
in the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0002490-2012

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JUNE 25, 2015**

Appellant, Holly Oakman, appeals *pro se* from the order denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We quash this appeal as untimely.

We summarize the facts and procedural history of this case from the PCRA court's April 22, 2014 order and our independent review of the record as follows.  On June 19, 2012, Appellant, while represented by court appointed counsel, Attorney David S. Daniel, entered a negotiated guilty plea to resisting arrest and harassment[1] related to an April 10, 2012 disturbance she caused in a Radio Shack store in Upper Darby, Delaware

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5104 and 2709(a)(4), respectively.

County. The same day, after accepting the plea agreement, the court sentenced Appellant to an aggregate term of not less than time served nor more than twenty-three months' incarceration, followed by one year of probation, and ordered her to stay away from the Upper Darby Radio Shack. Appellant was immediately paroled.

Court appointed counsel filed a motion to withdraw the guilty plea and to change counsel on June 28, 2012. On August 2, 2012, counsel withdrew the motion. Appellant did not file a direct appeal.

On June 3, 2013, Appellant's privately retained counsel[2] filed a PCRA petition claiming she was innocent of all charges and ineffectiveness of court appointed counsel for failing to pursue the June 28, 2012 motion to withdraw the guilty plea.

The court, at the request of the probation officer, issued a bench warrant for Appellant on March 14, 2014 and scheduled a *Gagnon II*[3] hearing.

On March 21, 2014, the court held hearings on both the PCRA petition and *Gagnon II*.[4] The same day, the court sentenced Appellant to full back

_____

[2] Counsel entered his appearance on December 31, 2013.

[3] *See Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationer is entitled to a "preliminary hearing . . . to determine whether there is probable cause to believe that [she] has committed a violation of [her] [probation (*Gagnon I*)], and the other a somewhat more comprehensive hearing prior to the making of the final revocation decision [(*Gagnon II*)].").

time of 620 days with immediate parole, address to be verified prior to release, one year probation consecutive to parole, and mental health treatment. The court denied her PCRA petition on April 22, 2014.

On June 5, 2014, Appellant filed a notice of appeal.[5]

Appellant raises the following issues for our review:

1. Did [Appellant] ask Attorney Daniel to withdraw her [guilty] plea?

2. Did Attorney Daniel[] ignore [Appellant's] request by withdrawing [her] motion to withdraw her guilty plea without her assent?

3. Does the [c]ourt apply the **Pierce**[6] "no prejudice" standard, or does the [c]ourt mandate that [Appellant] demonstrate prejudice?

4. Does [Appellant] demonstrate prejudice when she shows that her right to appeal was, in essence, quashed by counsel's unilateral decision to withdraw [her] [m]otion to [w]ithdraw [p]lea?

(Appellant's Brief, at unnumbered page 6).

_(Footnote Continued)_ ───────────────────

[4] The probation officer testified that Appellant failed to meet with her, maintain a current address, and complete mental health treatment and anger management. (**See** N.T. **Gagnon II** Hearing, 3/21/14, at 81-84).

[5] On June 13, 2014, the court ordered Appellant to file a Rule 1925(b) statement "no later than twenty[-]one (21) days after the date of this [o]rder." (Concise Statement Order, 6/13/14, at 1). Appellant filed her untimely concise statement one day late, on July 8, 2014. The twenty-first day was Friday, July 4, 2014, therefore, her concise statement was due on Monday, July 7, 2014. The court filed its 1925(a) opinion on August 13, 2014. **See** Pa.R.A.P. 1925.

[6] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

**Commonwealth v. Freeland**, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's issues, we must address the timeliness of this appeal. Pennsylvania Rule of Appellate Procedure 903(a) provides that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

It is well-settled that:

> Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. This Court can raise the matter *sua sponte,* as the issue is one of jurisdiction to entertain the appeal. Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal.

**Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014) (citations omitted).

Here, the record reflects that on April 22, 2014, the PCRA court denied Appellant's petition. Appellant filed her untimely notice of appeal fourteen days late, on June 5, 2014.

"Moreover, the record contains no evidence of extraordinary circumstances such as a court holiday or closing or a breakdown in the

- 4 -

operations of the court, which might excuse Appellant's untimely filing." ***Id.*** (footnote and citation omitted).

Based on this record, because Appellant did not timely file her notice of appeal, this Court lacks jurisdiction. ***See*** Pa.R.A.P. 903(a); ***see also Burks***, ***supra*** at 500. Accordingly, we quash this appeal as untimely.[7]

Appeal quashed.

---

[7] Moreover, the record reflects that Appellant's issues lack merit. The PCRA court explained that:

> [Appellant's] claim that her plea was unlawfully induced is not cognizable because she waived any challenge thereto by failing to pursue the issue before the trial court and on direct appeal. . . .
>
> . . . [She] failed to object to the form of the guilty plea colloquy . . . [and] to pursue her motion to withdraw her guilty plea. . . .
>
> . . . [The PCRA c]ourt determined that trial counsel's testimony was credible and that he properly advised [Appellant] to plead guilty . . . .
>
> \*      \*      \*
>
> . . . [Her] plea was in fact knowing and voluntary. . . .

(PCRA Court Order, 4/22/14, at 4-5). Upon review, we agree and conclude that the record supports the court's denial of Appellant's PCRA petition where counsel cannot be ineffective for failing to assert a meritless claim. ***See Commonwealth v. Baldwin***, 760 A.2d 883, 885 (Pa. Super. 2000), *appeal denied*, 781 A.2d 138 (Pa. 2001); ***see also Freeland***, ***supra*** at 775.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2015