J. S30017/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOE ESCOBAR, | : | No. 1451 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, May 8, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005463-2011

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 15, 2016**

Joe Escobar appeals from the May 8, 2015 order entered in the Court of Common Pleas of Philadelphia County that dismissed his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

The PCRA court set forth the procedural history of this case as follows:

> On March 27, 2012, Appellant entered into a negotiated guilty plea to the charges of Attempted Murder, Persons Not to Possess Firearms, and Criminal Conspiracy.[1] On the same date, he was sentenced to 12 ½ to 25 years' incarceration. Appellant timely filed a notice of appeal on April 25, 2012. The Superior Court dismissed the appeal on November 20, 2012, however, for failure to comply with the Court's briefing schedule.

---

[1] 18 Pa.C.S.A. § 901(a), 18 Pa.C.S.A. § 6105(a)(2)(i), and 18 Pa.C.S.A. § 903, respectively.

On March 22, 2013, Appellant timely filed a pro se PCRA petition. PCRA counsel thereafter was appointed, and on May 2, 2014, she filed an amended PCRA petition, alleging ineffectiveness of counsel for failure to litigate a "Motion to Compel the Reoffering of Uncommunicated Plea Offer." On May 8, 2015, this Court held a hearing on Appellant's petition and, upon considering the evidence presented and argument from counsel, denied relief.

Appellant subsequently filed a timely notice of appeal. This Court ordered him to file a Concise Statement of Matters Complained of on Appeal in accord with Pa.R.A.P. 1925(b). Counsel for Appellant timely complied.

. . . .
At Appellant's plea hearing, the Commonwealth presented the facts as though they would have been presented at trial. Briefly, on February 11, 2011, at approximately 5:30 p.m. on the 3300 block of Amber Street in Philadelphia, Appellant fired numerous shots at a fleeing, unarmed 15-year-old boy, striking him three (3) times, nearly killing him. Appellant, who was 34 years of age at the time, was wearing a bullet proof vest, and notably, continued to fire and strike the young victim even after he collapsed. Moreover, the entire horrific episode not only occurred on a crowded street before numerous eyewitnesses, but in fact was captured on video. (See N.T. 03/27/12, pp. 9-17).

Significantly, prior to imposing sentence, this Court expressly noted on the record that the negotiated sentence of 12 ½ to 25 years was indeed a very favorable negotiation[.]

PCRA court opinion, 10/22/15 at 1-2.

Appellant raises the following issues on appeal:

I.     Is the appellant entitled to post-conviction relief in the form of the opportunity to plead guilty to the Commonwealth's plea offer of 7 to

20 years since this plea offer was never communicated to the appellant prior to his entry of a negotiated guilty plea?

II.   Is the appellant entitled to post-conviction relief in the form of an opportunity to plead guilty to the Commonwealth's plea offer of 7 to 20 years since trial counsel rendered ineffective assistance of counsel when he failed to pursue the "motion to compel the reoffering of uncommunicated plea offer" prior to the appellant['s] entry of a negotiated guilty plea?

Appellant's brief at 4.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. *Id.*

Appellant's issues assert ineffective assistance of initial trial counsel and subsequent trial counsel.

In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. *Commonwealth v. Rollins*, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors.

First, that the underlying claim has arguable merit. ***See Commonwealth v. Travaglia***, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel had no reasonable basis for his action or inaction. ***Id.*** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met."). In the context of a PCRA proceeding, Appellant must establish that the ineffective assistance of counsel was of the type "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt [or] innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). ***See also (Michael) Pierce***, 786 A.2d at 221-22; ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

We have carefully reviewed the record. Because the PCRA court has filed a thorough, comprehensive, eight-page opinion, with appropriate citation to the record and relevant case law, explaining why appellant's claims of ineffectiveness of initial and subsequent trial counsel lack merit, we affirm on the basis of that opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2016

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    CP-51-CR-0005463-2011

                  VS.                  :

JOE ESCOBAR                       :     1415 EDA 2015



## PCRA OPINION

SCHULMAN, S.I., J.

Joe Escobar ("Appellant") has appealed this Court's Order denying his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq. This Court submits the following Opinion in accordance with the requirements of Pa.R.A.P. 1925, and for the reasons set forth herein, recommends that its Order be affirmed.

### I.    PROCEDURAL HISTORY

On March 27, 2012, Appellant entered into a negotiated guilty plea to the charges of Attempted Murder, Persons Not to Possess Firearms, and Criminal Conspiracy. On the same date, he was sentenced to 12 ½ to 25 years' incarceration. Appellant timely filed a notice of appeal on April 25, 2012. The Superior Court dismissed the appeal on November 20, 2012, however, for failure to comply with the Court's briefing schedule.

On March 22, 2013, Appellant timely filed a pro se PCRA petition. PCRA counsel thereafter was appointed, and on May 2, 2014, she filed an amended PCRA petition, alleging ineffectiveness of counsel for failure to litigate a "Motion to Compel the Reoffering of Uncommunicated Plea Offer." On May 8, 2015, this Court held a hearing on Appellant's petition and, upon considering the evidence presented and argument from counsel, denied relief.

Appellant subsequently filed a timely notice of appeal. This Court ordered him to file a Concise Statement of Matters Complained of on Appeal in accord with Pa.R.A.P. 1925(b). Counsel for Appellant timely complied.

## II.    FACTUAL HISTORY

At Appellant's plea hearing, the Commonwealth presented the facts as though they would have been presented at trial. Briefly, on February 11, 2011, at approximately 5:30 p.m. on the 3300 block of Amber Street in Philadelphia, Appellant fired numerous shots at a fleeing, unarmed 15-year-old boy, striking him three (3) times, nearly killing him. Appellant, who was 34 years of age at the time, was wearing a bullet proof vest, and notably, continued to fire and strike the young victim even after he collapsed. Moreover, the entire horrific episode not only occurred on a crowded street before numerous eyewitnesses, but in fact was captured on video. (See N.T. 03/27/12, pp. 9-17).

Significantly, prior to imposing sentence, this Court expressly noted on the record that the negotiated sentence of 12 ½ to 25 years was indeed a very favorable negotiation:

> THE COURT: There is also a good deal to be said for stepping up once you were caught and for pleading guilty today. And because of those things you are receiving what is a very favorable negotiation from the Commonwealth.
>
> However, I watched that video and it is apparent that you were shooting to kill. It is apparent that after that boy fell and got up again[,] you yet again fired another shot that had the intention to kill that boy.
>
> There's no other interpretation that I would find or that a jury would find had you gone to trial and had the jury seen that videotape.
>
> Quite frankly, it was a cowardly action from somebody who felt somehow entitled to shoot on a crowded street at a young boy who was fleeing, who was running away, a cowardly action,

2

and a potentially deadly one. You are so extraordinarily fortunate that that boy did not die. I will say in my years on the bench I have never seen anything like it.

I have seen and heard of shootings where there is immediate danger from a person who is facing you or [ ] from a person [who] is clearly armed. I have never seen a cold-blooded shooting at a victim who is trying to flee as I did on that video. It is haunting.

The fact that you were wearing a bulletproof vest again shows your premeditation, Mr. Escobar, and the fact that you fled and were caught in an alleyway and had discarded the gun as I'll take license to interpret from the facts, Mr. Escobar, are such cowardly acts that, as I said it's difficult to put together the person I'm seeing in front of me crying and the person who I saw on the street.

You should know, sir, that had you gone to trial and been convicted, my sentence would have been putting you away nearly for life, nearly for life. So when the assistant district attorney says that this is a very favorable negotiation, you need to understand that.

Quite frankly, sir, I was all ready to try your case today, all ready. We have a jury waiting downstairs ready to come up.

If you will rise. [Whereupon the Court imposed the negotiated sentence of 12 ½ to 25 years' incarceration].

(N.T. 03/27/12, pp. 25-28).

III.   DISCUSSION

Counsel for Appellant raises the following issue on appeal:

Whether "[t]he [PCRA] Court erred when it denied [Appellant] PCRA relief following an evidentiary hearing. [Appellant] is entitled to post-conviction relief in the form of an opportunity to plead guilty to the Commonwealth's initial plea offer [*sic*] of seven to twenty years since initial trial counsel rendered ineffective assistance of counsel when [he] failed to communicate this plea offer [*sic*] to [Appellant] prior to his entry of a negotiated guilty plea . . . [and] failed to pursue the "motion to

3

compel the reoffering of uncommunicated plea offer" prior to [Appellant's] entry of a negotiated guilty plea.

**Appellant's PCRA Claim Is Without Merit.**

Appellant claims that the Court erred by denying his counsel ineffectiveness of claim. The record utterly refutes this claim.

a.    Standard of Review

On appeal from the denial of PCRA relief, a reviewing court must determine whether the ruling of the PCRA court is supported by the record and free of legal error. Commonwealth v. Steele, 961 A.2d 786, 796 (Pa. 2008) (citing Commonwealth v. Washington, 927 A.2d 586, 593-94 (Pa. 2007); Commonwealth v. Breakiron, 781 A.2d 94 (Pa. 2001); Commonwealth v. Strong, 761 A.2d 1167, 1170 n.3 (Pa. 2000)). In order to be eligible for PCRA relief, Appellant must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2). Commonwealth v. Steele, 961 A.2d at 796; see 42 Pa.C.S. §9543(a)(2) (providing limited bases for relief, including "[i]neffective assistance of counsel which, in the circumstances of the particular case, **so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.**") (emphasis added).

b.    Ineffectiveness of Counsel

Counsel is presumed to have acted effectively, and defendant bears the burden of proving otherwise. Commonwealth v. Rivers, 567 Pa. 239, 786 A.2d 923, 927 (2000). In order to overcome this presumption, defendant must demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his course of conduct; and (3) but for the act or omission in question, the outcome of the proceedings would have been different. Commonwealth v. Porter, 556 Pa. 301, 728 A.2d 890, 896 (1999) (citing Commonwealth v.

4

Travaglia, 541 Pa. 108, 661 A.2d 352, 356-357 (1995)). "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has forgone and which forms the basis of the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." Commonwealth v. Pierce, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994) (citations omitted). See also Commonwealth v. Baldwin, 760 A.2d 883, 885 (Pa. Super. 2000) (where the underlying claim is meritless, the inquiry into counsel's actions need go no further, "for counsel cannot be ineffective for failing to assert a meritless claim"). Indeed, "[a] failure to satisfy **any prong** of the test for ineffectiveness will require rejection of the claim." Commonwealth v. Sneed, 899 A.2d 1067, 1076 (Pa. 2006) (emphasis added) (citations omitted).

    c.    Application

Applying the foregoing considerations, Appellant's claim fails quite remarkably. Preliminarily it must be observed that any alleged ineffectiveness in this case is not of the ilk that would "so undermine[ ] the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. §9543(a)(2). Indeed -- putting aside the video which clearly depicted Appellant committing the offenses in flagrante delicto -- Appellant provided a detailed confession to detectives following his apprehension, and testified at the PCRA hearing that he always had the intention of pleading guilty for the crimes he committed: 'My intentions were never going to trial. The only offer on the table was 12 ½-to-25 and I was going to plead guilty from the beginning." (See N.T. 05/08/15, p. 48). Thus, there is no question that the ascertainment of Appellant's guilt in this case is completely reliable.

Nonetheless, Appellant claims that initial trial counsel (the Defender Association of Philadelphia) was ineffective for not communicating an alleged plea offer of 7 to 20 years, and

5

subsequent counsel (Benjamin G. Perez, Esquire) was ineffective for not pursuing the "Motion to Compel the Reoffering of Uncommunicated Plea Offer" -- which Attorney Perez himself had drafted. The record squarely refutes these contentions.

At the PCRA hearing, Attorney Perez testified that he discovered the alleged "offer" on March 21, 2012, while reviewing the Commonwealth's file for discovery purposes. Specifically, he testified that on said date, he went to ADA Guy D'Andrea's office to review the file, in which he came across an unsigned "S.M.A.R.T. Room" offer sheet with a typed entry of 7 to 20 years. According to Attorney Perzez:

> A.      We had a conversation immediately upon my finding. I'm like, what's this? And Guy initially indicated to me that the offer was off the table because [it] was a Smart Room offer that had been rejected.
>
> Then it was I guess the next time we talked about the case ...he told me something different. He said that upon further review that offer had never been actually extended.

(N.T. 05/08/15, p. 9).

ADA D'Andrea testified as follows:

> Q.      Now do you remember in this case whether or not there was ever an offer extended in the Smart Room?
>
> A.      No [there was no offer in] my shootings in general but specifically this case which I will never forget and I can explain how that is. This case, an offer was not conveyed at the Smart Room which was the standard practice for any nonfatal shooting that was specifically assigned to me.
>
> But if somebody was actually struck by a bullet but [ ] of course did not die, the file would go to [the assigned Smart Room DA]. No offer would be conveyed. That would then, the file would come back to me to be assigned for trial and the negotiations would begin. If there were going to be negotiations.

6

(N.T. 05/08/15, p. 36).

The evidence that this Court found most compelling, however, was the docket entry from the date of the actual Smart Room session (June 1, 2011), which explicitly states "**no offer**". (See N.T. 05/08/15, pp. 24-25, 53 & Exhibit C-1) (emphasis added).[1] Thus, based on the evidence submitted at the hearing, this Court found that Appellant failed to meet his burden of proof. See Commonwealth v. Steele, 961 A.2d at 796. There simply was no evidence that an offer of 7-to-20 years ever was extended in the first place, and thus, counsel cannot be ineffective for failing to communicate same. See Commonwealth v. Pierce, 645 A.2d at 194.

Nor, for that matter, could subsequent counsel (Attorney Perez) be deemed ineffective for failing to litigate the "Motion to Compel the Reoffering of Uncommunicated Pleas Offer", when in fact there was no offer in the first place.

Moreover, Attorney Perez testified at the hearing as to why he did not pursue the motion -- which this Court found eminently reasonable:

> I was trying to get the best outcome for [Appellant]. I was speaking with Mr. D'Andrea about what the offer was, trying to get it lower, closer to what I had seen in the file, regardless of whether it had been conveyed or not.
>
> Up until the last minutes I know that it did get contentious. **I did threaten to litigate the motion. He did threaten to withdraw the [12 ½-to-25 year] offer. That was still**

---

[1] Additionally, current counsel for Appellant candidly revealed at the hearing below as follows:

> MS. SMARRO: Judge, as an Officer of the Court, I have to tell the Court that I have spoken with members of the Defender Association who reviewed the file while I was on the phone with [them] so that I would know what was coming over to the courtroom and there's no indication in there that an offer was made.

(N.T. 05/08/15, p. 31).

7

> significantly better than what I thought he would have gotten
> from an open plea and that's where it was.

(N.T. 05/08/15, pp. 17-18) (emphasis added). Thus, as a matter of sound strategy, counsel declined to litigate the motion to compel in order to achieve the best result for his client -- who, by all accounts including his own, was indeed guilty of horrific offenses that otherwise could have garnered **double the sentence** he actually received. See Commonwealth v. Paolello, 542 Pa. 47, 665 A.2d 439, 454 (1995) ("If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective."), quoted in Commonwealth v. Spotz, 896 A.2d 1191, 1218 (Pa. 2006).

Perhaps most cogently, apart from the applicable standards and ineffectiveness rubric, **common sense** dictates that no defendant in the Commonwealth of Pennsylvania, much less Philadelphia, would be offered a 7-year minimum sentence for callously and repeatedly shooting an unarmed, fleeing minor adolescent on a crowded street, while wearing a bullet proof vest. In a phrase, never in a million years. The misplaced and/or mistyped "Smart Room" sheet simply was an oversight of mole hill proportions out of which counsel for Appellant vigorously attempted to mold into a mountain. His lack of success in capitalizing on an obvious oversight hardly comprises ineffectiveness of counsel.

IV.    CONCLUSION

For the reasons set forth in the foregoing Opinion, this Court's Order denying PCRA relief should be affirmed.

BY THE COURT:

DATE: 10/31/15

SUSAN I. SCHULMAN, J.

8