J-S34038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT ANTHONY CATRONE | |
| Appellant | No. 1142 MDA 2015 |

Appeal from the Order Dated May 26, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004713-2008

BEFORE:  PANELLA, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 21, 2016**

Appellant Vincent Anthony Catrone appeals from the order entered in the Luzerne County Court of Common Pleas, which denied his petition to have his direct appeal rights reinstated *nunc pro tunc* following his jury trial convictions for involuntary deviate sexual intercourse, complainant less than 16 years of age ("IDSI"),[1] unlawful contact with minor,[2] aggravated indecent assault complainant less than 16 years of age,[3] aggravated indecent assault without complainant's consent,[4] statutory sexual assault,[5] and indecent

---

[1] 18 Pa.C.S. § 3123(a)(7).

[2] 18 Pa.C.S. § 6318(a)(1).

[3] 18 Pa.C.S. § 3125(a)(8).

[4] 18 Pa.C.S. § 3125(a)(1).

assault, complainant less than 13 years of age.[6]  After careful review, we reverse and remand with instructions.

The relevant facts and procedural history of this appeal are as follows. On September 26, 2012, a jury convicted Appellant of the aforementioned charges.[7]  The victim, Appellant's step-daughter, testified that Appellant sexually assaulted her on numerous occasions while she was between the ages of 10 and 17 years old, while she resided with her mother, her brother and Appellant.

On February 19, 2013, counsel filed, and the court granted, a motion to withdraw.  Appellant retained new, private counsel, who filed a motion for extraordinary relief pursuant to Pa.R.Crim.P. 704 on March 25, 2013.  The motion alleged that a Facebook post by the victim exonerated Appellant. However, after several continuances, Appellant withdrew the motion on February 12, 2014.

On April 11, 2014, the court determined Appellant was a sexually violent predator ("SVP") and sentenced him to an aggregate sentence of 23

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

[5] 18 Pa.C.S. § 3122.1.

[6] 18 Pa.C.S. § 3126(a)(7).

[7] Previously, on October 15, 2009, a jury acquitted Appellant of rape by forcible compulsion, 18 Pa.C.S. § 3121(a)(1), and rape by threat of forcible compulsion, 18 Pa.C.S. § 3121(a)(2).  The jury did not reach a unanimous verdict on other charges against Appellant, and the court declared a mistrial on those charges.

years and 5 months to 46 years and 10 months of incarceration.[8]  Appellant failed to file timely post-sentence motions or a timely direct appeal.

On November 21, 2014, through the same counsel, Appellant filed an unopposed petition for reinstatement of his direct appeal rights *nunc pro tunc*.  On December 19, 2014, instead of treating Appellant's filing as a timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"),[9] the court denied Appellant's petition.  On April 6, 2015, Appellant filed another counseled petition requesting the court permit him to file post-sentence motions and a direct appeal from his judgment of sentence *nunc pro tunc*. In this petition, counsel noted that her failure to file a timely post-sentence motion and subsequent appeal after Appellant requested her to do so was *per se* ineffective assistance of counsel.  The Commonwealth opposed the motion on the basis that Appellant should have properly filed a PCRA petition and requested the court deny the petition or, in the alternative, requested

_____

[8] Specifically, the court imposed consecutive sentences of incarceration of 5-10 years for each of his three IDSI convictions.  Additionally, the court imposed consecutive sentences of 4-8 years' incarceration for unlawful contact with minor, 30-60 months' incarceration for aggravated indecent assault without complainant's consent, 14-28 months' incarceration for statutory sexual assault, and 9-18 months' incarceration for indecent assault, complainant less than 13 years of age.  The court imposed no additional penalty on Appellant's conviction for aggravated indecent assault, complainant less than 16 years of age.

[9] 42 Pa.C.S. §§ 9541-9546.

the court treat the petition as a PCRA petition and appoint new counsel.[10]

On April 14, 2015, Appellant filed another "petition for appeal *nunc pro tunc*." This petition was identical to the petition filed April 6, 2015, except that the name of trial counsel was corrected.

On May 26, 2015, the trial court denied Appellant's petition.[11] On June 24, 2015, Appellant filed a notice of appeal.[12]

Appellant raises the following issue for our review:

> WHETHER THE COURT OF COMMON PLEAS OF LUZERNE COUNTY ABUSED ITS DISCRETION WHEN IT FAILED TO REINSTATE APPELLANT'S RIGHT TO FILE POST-SENTENCING MOTIONS AND REINSTATE DIRECT APPEAL RIGHTS?

Appellant's Brief at 4.

Appellant argues the court erred by denying his petition to reinstate his post-sentence motion and direct appeal rights *nunc pro tunc*.

---

[10] In its appellate brief, the Commonwealth requests the court treat Appellant's filing as a PCRA petition and acknowledges that Appellant should get the opportunity to exercise his right to direct appeal. **See** Commonwealth's Brief at 6.

[11] In its May 26, 2015 order, the court specifically denies the April 14, 2015 petition and reaffirms its order of December 19, 2014 in which it denied Appellant's first petition for appeal *nunc pro tunc*.

[12] The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court did not file a Pa.R.A.P. 1925(a) opinion.

"It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa.Super.2013). Further, "all motions filed after a judgment of sentence is final are to be construed as PCRA petitions." **Id.** (internal citation omitted). Here, Appellant's judgment of sentence became final on May 12, 2014, when the time-period for filing a timely direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3). Thus, Appellant's petitions for *nunc pro tunc* relief, filed November 21, 2014, April 6, 2015, and April 14, 2015, all should have been treated as PCRA petitions, and the trial court erred by failing to treat them as such.[13]

Before we address the merits of Appellant's claims, we must determine whether his PRCA petition was timely. The timeliness of a PCRA petition implicates the jurisdiction of both this Court and the PCRA court. **Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa.Super.2011), *appeal denied*, 50 A.3d 121 (Pa.2012). All of Appellant's petitions for *nunc pro tunc* relief were filed before May 12, 2015, within one year after his judgment of

---

[13] Generally, counsel may not assert his or her own ineffectiveness. **See Commonwealth v. Spotz**, 18 A.3d 244, 329 (Pa.2011). "When Appellate counsel asserts his own ineffectiveness, the case should be remanded so that new counsel may be appointed except where it is clear from the record that counsel was ineffective or it is clear from the record that the ineffectiveness is meritless." **Commonwealth v. Baldwin**, 760 A.2d 883, 885 (Pa.Super.2000).

sentence became final. Thus, they were timely filed. **See** 42 Pa.C.S. § 9545(b)(1).

"It is well settled that when a lawyer fails to file a direct appeal requested by the defendant, the defendant is automatically entitled to reinstatement of his direct appeal rights." **Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa.Super.2011) (citing **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa.1999)). Even "[w]here a defendant does not ask his attorney to file a direct appeal, counsel still may be held ineffective if he does not consult with his client about the client's appellate rights." **Id.** (internal citation omitted). "Once it is determined that an appellant was denied his or her constitutional right of direct appeal, the proper course of action is to grant the appellant leave to file a direct appeal *nunc pro tunc.*" **In Interest of A.P.**, 617 A.2d 764, 767 (Pa.Super.1992), *aff'd,* 639 A.2d 1181 (Pa.1994) (citing **Commonwealth v. Hoyman**, 561 A.2d 756 (Pa.Super.1989)).

Further,

> whenever a PCRA court reinstates a defendant's right to file a direct appeal, the PCRA court **shall also** issue an order permitting the defendant to file post-sentence motions *nunc pro tunc.* The Superior Court reasoned that such a procedural rule would conserve precious judicial resources because claims of ineffective assistance of counsel could be reviewed at an earlier stage of the proceedings, thereby obviating the necessity of a subsequent PCRA petition should the judgment of sentence be affirmed on direct appeal.

**Commonwealth v. Liston**, 977 A.2d 1089, 1091 (Pa.2009) (internal citations omitted) (emphasis in original).

Here, Appellant's counsel asserted her own ineffectiveness for failing to timely file a requested post-sentence motion or direct appeal, and requested Appellant's rights be reinstated *nunc pro tunc*. Although Appellant should have filed a PCRA petition asserting counsel's ineffectiveness, the court erred by failing to treat Appellant's petition as a PCRA petition.

Therefore, we reverse the court's May 26, 2015 order, which denied Appellant's petition. Upon remand, the PCRA court shall consider Appellant's filing a timely PCRA petition and conduct a hearing to determine whether counsel was ineffective for failing to file post-sentence motions or a direct appeal. If the PCRA court determines that Appellant was denied his constitutional right of direct appeal, it shall enter an order reinstating Appellant's direct appeal rights, and establishing the deadline for the filing of Appellant's post-sentence motions and a direct appeal *nunc pro tunc*.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016

- 7 -