J-S57008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DOUGLAS CARL GIBBONEY | |
| Appellant | No. 1081 EDA 2017 |

Appeal from the PCRA Order March 1, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003626-2012

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 19, 2017**

Appellant, Douglas Carl Gibboney, appeals *pro se* from the order entered on March 1, 2017, in the Court of Common Pleas of Chester County, which dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Pursuant to a plea agreement, Gibboney is currently serving a sentence of three to ten years' imprisonment, stemming from two DUI convictions. Gibboney did not file a direct appeal. But he did seek to collaterally attack his convictions and timely filed a PCRA petition, which the PCRA court ultimately denied. And this Court affirmed the dismissal of that petition. **See Commonwealth v. Gibboney**, No. 1904 EDA 2014 (Pa. Super., filed June 23, 2015) (unpublished memorandum).

Exactly one year after the dismissal of his PCRA petition, the United States Supreme Court decided *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), concluding, in part, that warrantless blood testing of individuals arrested on DUI charges is unconstitutional. Seizing on that conclusion, Gibboney filed, *pro se*, another PCRA petition. In it, he alleged there was an "[i]llegal search and seizure of my blood" and that "my blood and the test result from it [] was illegally obtained in violation of the 4th Amendment [of the] U.S. Constitution[.]" PCRA Petition, filed 8/25/16, at 3 ¶6.

The PCRA court appointed counsel who later petitioned to withdraw. The PCRA court provided notice to Gibboney of its intent to dismiss the petition without a hearing and that same day granted counsel's petition to withdraw. Gibboney filed a response, but to no avail, as the PCRA court later dismissed the petition as untimely. This timely appeal followed.

"[W]e must determine whether the ruling of the PCRA court is supported by the record and is free of legal error." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). We apply "a *de novo* standard of review to the PCRA court's legal conclusions." *Id*. (citation omitted).

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition is met. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007). And a PCRA petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Gibboney's judgment of sentence became final on February 11, 2013, when the thirty-day time period for filing an appeal to this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.Crim.P. 720(A)(3).[1] Therefore, Gibboney needed to file the petition at issue by February 11, 2014, for it to be timely. He filed the instant petition over three years later; it is untimely unless he has satisfied the burden of pleading and proving one of the timeliness exceptions.

Gibboney pled in his petition, *see* PCRA Petition, filed 8/25/16, at 2 ¶4A, that *Birchfield* satisfies § 9545(b)(1)(iii). That exception to the time bar provides that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

---

[1] Irrelevant to this proceeding, but worth briefly mentioning, is that one year and six months *after* the imposition of his sentence Gibboney filed a *pro se* post-sentence motion. The trial court should have treated that filing as a PCRA petition. *See*, *e.g.*, *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) ("[A]ny petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") Instead, on January 21, 2014, the trial court scheduled a hearing on "Defendant's Post-Sentence Motion." Three days later, however, Gibboney filed a *pro se* PCRA petition and the PCRA court duly appointed counsel. The final mention on the docket of the "post-sentence motion" is on January 29, 2014, and is the cancellation of a hearing.

Gibboney filed his petition within 60 days of the filing of **Birchfield**. However, even assuming **Birchfield** announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that it is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Gibboney's argument regarding the PCRA time bar.

It is worth noting that Gibboney claims a Fourth Amendment violation in his PCRA petition. But he pled guilty. "The entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." **Commonwealth v. Tareila**, 895 A.2d 1266, 1267 (Pa. Super. 2006) (citation omitted). Thus, he waived any suppression issue. And he does not allege, in any filing, that his guilty plea was involuntary or that **Birchfield**, somehow, rendered his sentence illegal.

Gibboney advances two other claims in his brief. Both concern the legality of his sentence. **See** Appellant's Brief, at 2. Specifically, Gibboney contends the trial court failed to comply with 75 Pa.C.S.A. § 3814, **Drug and alcohol assessments**. Thus, according to Gibboney, the PCRA court erred in not vacating his sentence for this failure and the PCRA court erred when it declined to find his PCRA counsel rendered ineffective assistance in failing to amend his petition to include this claim.

"[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context,

jurisdiction is tied to the filing of a timely PCRA petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) (citation omitted; brackets in original). And that means the "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Id***. (citations omitted).

Gibboney raises his claim of an illegal sentence for the first time on appeal. He, however, preserved his allegation of the ineffective assistance of PCRA counsel in his response to the PCRA court's notice of its intent to dismiss his petition. ***See*** Petitioner's Objection to the Notice of Intent to Dismiss, 2/15/17, at 2 ¶3. Neither claim provides relief.

Apart from it being improperly raised for the first time on appeal, ***see*** Pa.R.A.P. 302(a), the assertion that his judgment of sentence is illegal because the trial court failed to comply with § 3814 does not plead an exception to the PCRA's time bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Thus, it would have been pointless for PCRA counsel to have pled this claim. ***See Commonwealth v. Baldwin***, 760 A.2d 883, 885 (Pa. 2000) ("[C]ounsel cannot be ineffective for failing to assert a meritless claim.")

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2017