J-S80045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LUIS NESTOR MARTINEZ, | : | |
| Appellant | : | No. 2081 EDA 2017 |

Appeal from the PCRA Order May 31, 2017
in the Court of Common Pleas of Northampton County,
Criminal Division at No(s): CP-48-CR-0003442-2010

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 27, 2018**

Luis Nestor Martinez ("Martinez"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In June 2011, Martinez pled guilty to a multitude of offenses (including robbery, kidnapping and aggravated assault), stemming from a home invasion wherein Martinez and his co-conspirator robbed, bound, and tortured the victims. This Court affirmed Martinez's judgment of sentence. **See Commonwealth v. Martinez**, 60 A.3d 562 (Pa. Super. 2012) (unpublished memorandum). Martinez did not seek allowance of appeal.

Martinez filed his first PCRA Petition in July 2013, which the PCRA court later denied. This Court affirmed, after which the Supreme Court of Pennsylvania denied allowance of appeal. **See Commonwealth v.**

*Martinez*, 120 A.3d 1056 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1283 (Pa. 2015).

On February 23, 2017, Martinez filed the instant, *pro se* PCRA Petition, his second. The PCRA court later issued a thorough Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing (hereinafter "Rule 907 Notice"), stating that the court lacked jurisdiction to address the Petition because it was untimely filed. Martinez filed a *pro se* Response to the Rule 907 Notice. On May 31, 2017, the PCRA court dismissed the PCRA Petition, after which Martinez filed a timely Notice of Appeal.[1]

Martinez now presents the following issues for our review:

1. In light of the [Pennsylvania] Supreme Court's explicit reiteration in *Commonwealth v. Burton*[, 158 A.3d 618 (Pa. 2017),] that the untimeliness or serial nature of a PCRA Petition are not grounds for summary dismissal under Pa.R.Crim.P[.] 907, did the [PCRA] court's dismissal of the underlying PCRA Petition, based on untimeliness grounds, and without conducting the required "miscarriage of justice" inquiry, and/or without ordering the Commonwealth to file an Answer and Motion to dismiss raising untimeliness as a rebuttable affirmative defense, constitute a denial of federal due process and equal protection under the law[,] and equal protection under the *Burton*[] rule and 42 Pa.C.S.A. [§] 9543(b), and has the Commonwealth forfeited and/or waived the affirmative defense of untimeliness on appeal by not asserting the defense below?

---

[1] The PCRA court did not order Martinez to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, Martinez filed a *pro se* Concise Statement contemporaneously with his Notice of Appeal.

2. Do the 1995 procedural amendments to 42 Pa.C.S.A. [§] 9545(b)(1)-(4) … violate the Tenth and Fourteenth Amendments of the U.S. Constitution[,] where they were implemented by the PA General Assembly for the purpose of opting in to the federal *habeas corpus* regulatory program of Title I of [the federal Antiterrorism and Effective Death Penalty Act of 1996], and has 42 Pa.C.S.A. [§] 9545(1)(iii), pursuant to [the] Supremacy Clause at Article VI, Clause 2 of the federal Constitution[,] been rendered of no further force or effect[,] in light of the U.S. Supreme Court's announcement of the "function of the rule" test, restoring the retroactivity principles of **Teague v. Lane**[, 489 U.S. 288 (1989),] back to its original equitable purpose?

3. Did [Martinez's] after[-]discovered fact of being prosecuted under the mandates of VOI[/]TIS[2] satisfy the [Pennsylvania] Supreme Court's holding in **Burton**[, **supra**,] and [**Commonwealth v.**] **Martinez**[, 147 A.3d 517 (Pa. 2016)], and the [Pennsylvania Superior] Court's holding in [**Commonwealth v.**] **Ritz**[, 153 A.3d 336 (Pa. Super. 2016),] and was it a violation of [Martinez's] federal constitutional rights under Article I, Section 10, the Sixth, Tenth and Fourteenth Amendments [to the federal Constitution, and his Pennsylvania] Constitutional right under Article I, Section 17, where [Martinez] did not receive the benefit of his 2011 plea agreement because he was sentenced under the mandates of []TIS, and because his mandatory statutory/guideline minimum sentences were aggravated based on facts not charged in the Information or admitted by [Martinez,] in violation of the retroactive case of **Alleyne v. U.S.**[, 133 S. Ct. 2151 (2013)]?

4. Where [Martinez] asserted, as a miscarriage of justice, that the Commonwealth deprived him of assistance of counsel during preliminary hearing proceedings under the pretense that the County did not receive [Martinez's] request for

---

[2] Martinez is referring to the federal Violent Offender Incarceration/Truth-in-Sentencing (or VOI/TIS – hereinafter "TIS") incentive grant program enacted in 1994. The TIS program provides grants to states to be used to increase the capacity of state correctional systems to confine serious and violent offenders. **See Commonwealth v. Baldwin**, 760 A.2d 883, 886 (Pa. Super. 2000) (explaining TIS and its application in Pennsylvania).

appointment of counsel, thereby for [Martinez] to either waive said hearing or proceed *pro se*, did the lower court err or abuse [its] discretion in failing to find a miscarriage of justice did occur, and or/by failing to freely allow amendment of the underlying PCRA Petition to achieve substantial justice to assert, as newly[-]discovered facts, records which show that Lehigh County officials did fax [Martinez's] request for counsel for Northampton County officials, and did the court err or abuse [its] discretion in not permitting [Martinez] to raise, as newly[-]discovered facts, the legal implications of [Martinez] being subjected to an in-court identification at trial based on the victim solely recognizing [Martinez's] voice during *pro se* representation and questioning of the victim during the preliminary hearing?

Brief for Appellant at 3-4 (footnote added, capitalization omitted). In the interest of brevity, we will address Martinez's issues together.

When reviewing an order dismissing a PCRA petition, we examine whether the determination of the PCRA court is supported by the record and free of legal error. ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014). The merits of a PCRA petition cannot be addressed unless the PCRA court has jurisdiction. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010). Jurisdiction does not exist if the PCRA petition is untimely filed. ***Id.***

Any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). In the instant case, Martinez's PCRA is facially untimely, as he filed it over three years after September 2012, when his judgment of sentence became final.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth

under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (hereinafter "timeliness exception(s)"). Any PCRA petition invoking one of the timeliness exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *see also Albrecht*, 994 A.2d at 1094.

Preliminarily, Martinez argues that 42 Pa.C.S.A. § 9545(b) is unconstitutional, in its entirety, under the Supremacy Clause and the Tenth Amendment to the United States Constitution. *See* Brief for Appellant at 12-18. However, Martinez has waived this issue by not raising it in his PCRA Petition or Response to the Rule 907 Notice. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (stating that "[a]ny claim not raised in the PCRA petition is waived and not cognizable on appeal."). Nevertheless, even if Martinez had raised this assertion before the PCRA court, he does not explain which of the timeliness exceptions his assertion satisfies. Accordingly, we would not have jurisdiction to review the merits this argument, even if it were preserved for our review.

In his remaining issues, Martinez invokes the newly-discovered facts

timeliness exception, set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii).[3]   Regarding

this timeliness exception, our Court has stated as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly[-]discovered facts, not on a newly[-]discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations

and quotation marks omitted).   Moreover, petitioners must plead and prove

specific facts demonstrating their claim was raised within the sixty-day time

frame of section 9545(b)(1)(ii).   *See* 42 Pa.C.S.A. § 9545(b)(2); *see also*

*Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013).

From what we can discern from Martinez's longwinded Argument

section, he essentially raises three main claims under the newly-discovered

facts timeliness exception, each of which invokes a judicial decision:

1. "In early February of 2017, another prisoner reviewed [Martinez's] legal papers and informed [Martinez] that [the

_____

[3] Though the PCRA court, in its Rule 907 Notice, stated that Martinez invoked the newly-recognized constitutional right timeliness exception, at 42 Pa.C.S.A. § 9545(b)(1)(iii), Martinez did not raise this exception in the Statement of Questions Presented section of his brief or in his Argument section; thus, it is abandoned on appeal. *See, e.g., Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (stating that, where the appellant "fails to expand upon [a] claim in the argument section of his brief … the claim is waived.").

decisions in] **Martinez**[, **supra**] and **Ritz**[, **supra**,] have invalidated his guilty pleas because he was never informed of the requirements of []TIS[,] and that []TIS violates the Tenth Amendment[.]" Brief for Appellant at 18 (ellipses omitted).

2. "Pursuant to **Burton**[, **supra**], informed by the same prisoner who informed [Martinez] of the issues above, [Martinez] raised in the PCRA court the newly[-]discovered fact of the legal consequences of the Commonwealth depriving him of counsel during the critical phase of the preliminary hearing proceeding." Brief for Appellant at 22.

3. "[I]t is a newly[-]discovered fact that [Martinez's] mandatory statutory[] minimum guideline[] sentences are also unconstitutional under the Sixth and Fourteenth Amendments, and **Alleyne**[, **supra**]." Brief for Appellant at 22.

It is well settled that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii)[.]" **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011); **see also Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (rejecting "the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)").

Moreover, even if three of the decisions upon which Martinez relies (**see Martinez**, **supra**; **Ritz**, **supra**; and **Alleyne**, **supra**) could be considered new "facts" under section 9545(b)(1)(ii), he still would not be entitled to relief, as he did not satisfy the 60-day requirement set forth in section 9545(b)(2). **See Cintora**, 69 A.3d at 763-74. As the **Cintora** Court explained:

To fulfill the 60-day requirement, appellants[, who had invoked the newly-discovered fact timeliness exception based upon a new judicial decision,] needed to file their petitions within 60 days from the date of the court's decision. [**Commonwealth**

- 7 -

*v.*] ***Brandon***, [51 A.3d 231, 235 (Pa. Super. 2012)] (finding appellant's claim, alleging recently filed judicial decision as newly-discovered fact, failed for, *inter alia*, not complying with section 9545(b)(2), as "the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appellant became aware of the decision).

***Cintora***, 69 A.3d at 763-74; ***see also id.*** at 764 (pointing out that the appellants failed to file their PCRA petitions within 60 days of the judicial decision upon which they relied, and, thus, "the petitions were untimely on this basis as well."). In the instant case, Martinez filed his PCRA Petition on February 23, 2017, and none of the three above-mentioned cases he invokes (***Martinez***, ***supra***; ***Ritz***, ***supra***; and ***Alleyne***, ***supra***) were decided within 60 days of this date.

Finally, concerning Martinez's invocation of ***Burton***, ***supra***,[4] which was decided shortly after he filed his PCRA Petition (and which he cited in his Response to the Rule 907 Notice), it is unavailing to Martinez for two reasons:

    (1) Judicial decisions cannot constitute a new "fact" under section 9545(b)(1)(ii). ***See Watts***, ***supra***.

    (2) The purported newly-discovered "fact" that Martinez cites (*i.e.*, "the Commonwealth depriving him of counsel during the critical phase of the preliminary hearing proceeding" Brief for Appellant at 22), is not "information of public record" as contemplated by ***Burton***. ***See Burton***, 158 A.3d at 631 (emphasizing that "[t]o qualify for the exception

---

[4] The ***Burton*** Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) does not apply to *pro se* prisoner petitioners." ***Burton***, 158 A.3d at 638 (emphasis omitted).

under subsection 9545(b)(1)(ii), a petitioner must allege and prove that []the facts upon which the claim is predicated were *unknown to the petitioner*….") (emphasis in original; citation omitted).

Accordingly, because Martinez failed to properly plead or prove any exception to the PCRA's one-year time-bar, the PCRA court properly dismissed the PCRA Petition without a hearing, as the court lacked jurisdiction to address it. **See Albrecht**, **supra**. We likewise lack jurisdiction to address the merits of Martinez's claims, and thus affirm the PCRA court's Order dismissing Martinez's second PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2018