J-S60038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD DRAYTON | : | |
| | : | |
| Appellant | : | No. 191 MDA 2019 |

Appeal from the PCRA Order Entered January 29, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004335-2015

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 02, 2020**

My learned colleagues in the Majority present a persuasive analysis in this matter. However, upon review of the certified record, I conclude that Appellant has failed to establish that trial counsel was ineffective with regard to the entry of Appellant's guilty plea. Hence, I am compelled to respectfully register my dissent.

The issue presented to the Court, as rephrased by the majority, is: "Did counsel's misadvi[c]e regarding the consequences of [Appellant's] plea render the plea involuntary?" Majority Memorandum at 6 (citing Appellant's Brief at 3). In granting relief, the Majority states, "the meritorious basis of [Appellant's] ineffectiveness claim concerns … the unfulfilled promise that

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] would never serve any portion of the state sentence in state custody or on state parole *after* the federal prison term had concluded." Majority Memorandum at 9 (emphasis in original). Upon review of the relevant law and the certified record, I disagree with this conclusion.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa.

1999). Furthermore, claims of ineffective assistance of counsel are not self-proving. **Commonwealth v. Wharton**, 811 A.2d 978, 986 (Pa. 2002).

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. **Commonwealth v. Allen**, 833 A.2d 800, 802 (Pa. Super. 2003) (citing **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002)). However:

> allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"

*Id*. (quoting **Hickman**). Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing, and intelligent. **Commonwealth v. Baldwin**, 760 A.2d 883, 885 (Pa. Super. 2000).

In **Commonwealth v. McCauley**, 797 A.2d 920 (Pa. Super. 2001), we explained that

> [o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

> *Commonwealth v. Stork*, 737 A.2d 789, 790-791 (Pa. Super.
> 1999), *appeal denied*, 564 Pa. 709, 764 A.2d 1068 (2000)
> (citations and quotations omitted). Determining whether a
> defendant understood the connotations of his plea and its
> consequences requires an examination of the totality of the
> circumstances surrounding the plea. [*Commonwealth v. Yager*,
> 685 A.2d 1000 (Pa. Super. 1996)].
>
> > In order to determine the voluntariness of the plea
> > and whether the defendant acted knowingly and
> > intelligently, the trial court must, at a minimum,
> > inquire into the following six areas:
> >
> > > (1) Does the defendant understand the
> > > nature of the charges to which he is
> > > pleading guilty?
> > >
> > > (2) Is there a factual basis for the plea?
> > >
> > > (3) Does the defendant understand that
> > > he has a right to trial by jury?
> > >
> > > (4) Does the defendant understand that
> > > he is presumed innocent until he is found
> > > guilty?
> > >
> > > (5) Is the defendant aware of the
> > > permissible ranges of sentences and/or
> > > fines for the offenses charged?
> > >
> > > (6) Is the defendant aware that the judge
> > > is not bound by the terms of any plea
> > > agreement tendered unless the judge
> > > accepts such agreement?
>
> *Commonwealth v. Young*, 695 A.2d 414, 417 (Pa. Super.
> 1997).

*McCauley*, 797 A.2d at 922.

This Court has long stated that "even if there is an omission or defect in

the guilty plea colloquy, the guilty plea will not be deemed invalid if the

circumstances surrounding the entry of the plea reveal that the defendant fully understood the nature and consequences of his ... plea and that he ... knowingly and voluntarily decided to plead guilty." ***Commonwealth v. Blackwell***, 647 A.2d 915, 921-922 (Pa. Super. 1994) (citing ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa. Super. 1993)). A defendant may knowingly and voluntarily plead guilty as a matter of strategy or expedience even though he or she is unable or unwilling to admit guilt regarding the crime(s) charged. ***Id***. at 922. Thus, the court's inquiry should focus on whether the appellant understood what he was doing by specifically looking at the plea colloquy to determine whether he did or did not understand the plea. ***Id***.

The PCRA court addressed Appellant's claim of ineffective assistance of counsel with the following cogent analysis in its opinion filed pursuant to Pa.R.A.P. 1925(a):

> A thorough review of the record in the instant matter supports the [PCRA c]ourt's conclusion that [Appellant] failed to show that counsel's stewardship resulted in an unknowing, involuntary or unintelligent plea. [Appellant] was extensively questioned at the May 5, 2017 guilty plea hearing to ensure the soundness of his decision. Further, the validity of his responses, as well as his review and comprehension of the signed written guilty plea colloquy, was confirmed at the January 29, 2019 PCRA hearing.
>
> [Appellant] claims that based on counsel's advice, he agreed to plead guilty and to request that his state sentence run concurrently to his federal sentence, so that he could serve the entirety of the state sentence in the federal facility. As the record clearly shows, however, prior to the [c]ourt's acceptance of [Appellant's] guilty plea, [Appellant] was fully informed that the

- 5 -

[c]ourt was not bound by any agreements reached by the parties regarding sentencing, but could instead impose any sentence it saw fit, and that the [c]ourt could not guarantee that [Appellant] would serve his state sentence entirely in a federal facility. N.T. 5/5/17, at 6-8; N.T. 1/29/19 at 13-14. Guilty Plea Agreement and Colloquy of Defendant signed 5/5/17 at 2-3. Thus [Appellant] was clearly informed that whatever assumptions he and counsel had made regarding the sentence did not bind the [c]ourt, and would not necessarily come to pass. After being so informed and acknowledging receipt of that information, [Appellant] nevertheless chose to go forward with the plea process. As such, he cannot now claim that his counsel's stewardship led to his entry into a guilty plea that was not knowing, voluntary and intelligent.

PCRA Court Opinion, 5/24/19, at 4-5. I agree.

My review of the record belies Appellant's assertion that he was induced by ineffective defense counsel to enter his plea involuntarily. The following portion of the oral guilty plea colloquy informs my conclusion:

[THE COURT]: Has anyone promised you anything to plead guilty other than your plea agreement?

[APPELLANT]: Yes.

[THE COURT]: Okay. What other promises were made to you other than your plea agreement? Is somebody promising you something to get [you to] plead guilty today, or are you pleading of your own free will?

[APPELLANT]: Well, I was promised a certain sentence with respect to my plea, yes.

[THE COURT]: Okay.

THE COURT: What is the sentence --

[ASSISTANT ATTORNEY GENERAL]: Judge, he may be referencing Subparagraph 4[B][1] of the guilty plea agreement in which the Commonwealth has agreed not to oppose [Appellant's] request to serve any sentence imposed by this [c]ourt concurrently with the sentence he's currently serving in Federal Court.

THE COURT: Okay. Is that what you're referring to, a concurrent sentence?

[APPELLANT]: Yes. For the most part, yes.

THE COURT: Okay. You said for the most part. Are there any other promises that were made to get you to plead guilty today?

[APPELLANT]: Aside from the concurrent sentence, the fact that I wouldn't serve any time in a state penitentiary.

THE COURT: I'm not sure that – **is that agreed to**?

[ASSISTANT ATTORNEY GENERAL]: Not by the Commonwealth, Your Honor.

N.T., 5/5/17, at 6-8 (emphasis added). This exchange between Appellant,

the trial court, and the assistant attorney general establishes that Appellant

---

[1] The written guilty plea agreement and colloquy contains the following term and condition at Subparagraph 4(B):

B. The Commonwealth will not oppose [Appellant's] request to the sentencing court that any term of incarceration be served **concurrently** with the sentence of incarceration imposed upon [Appellant] by the United States District Court for the Middle District of Pennsylvania in the case of *United States of America v. Ronald Drayton*, 3:14-CR-00305-EMK-4.

Guilty Plea Agreement and Colloquy, 5/5/17, at 2, ¶4(B) (emphasis in original).

was informed the Commonwealth was not agreeing with Appellant's suggestion that he would not serve any time in a state prison. Accordingly, I conclude that, prior to entry of his plea, Appellant was aware that there was no promise that he would not serve a portion of his sentence in state prison.

Moreover, the written guilty plea colloquy contains the following acknowledgement, which further restrains Appellant's argument that he entered his guilty plea in anticipation of any particular sentence:

> 8. THE SENTENCING COURT IS NOT BOUND BY ANY TERM AS TO SENTENCE CONTAINED IN THIS AGREEMENT. I acknowledge that any terms related to a sentence set forth in paragraph 4 above are not binding on the [c]ourt and I have not been guaranteed a specific sentence in exchange for this plea. The [c]ourt retains the power to decide my sentence.

Guilty Plea Agreement and Colloquy, 5/5/17, at 3, ¶8 (capitalization in original).

Hence, the certified record reflects Appellant was informed at the guilty plea hearing that the Commonwealth was not in agreement with Appellant's belief that he would only serve his sentence in federal prison. In addition, the signed written colloquy acknowledges that Appellant was not guaranteed a specific sentence in exchange for his guilty plea. Consequently, there is no support for the assertion that Appellant's guilty plea was based upon trial counsel's promise of a particular sentence being served in a particular prison. Therefore, I conclude that there is no merit to the underlying claim that trial counsel was ineffective in advising Appellant to enter the guilty plea. The law does not require that Appellant be completely satisfied with the outcome of

his decision to plead guilty. **Baldwin**, 760 A.2d at 885. The law only requires that a plea be voluntary, knowing, and intelligent. **Id**.

In conclusion, after examining the totality of circumstances surrounding the entry of the plea, I am satisfied that Appellant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Accordingly, it is my determination that his claim of defense counsel ineffective assistance in this regard lacks merit, and I would affirm the decision of the PCRA court.