J-A04015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALBERT LASSITER | : | |
| Appellant | : | No. 1557 EDA 2022 |

Appeal from the PCRA Order Entered May 24, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010472-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ALBERT LASSITER | : | |
| Appellant | : | No. 1558 EDA 2022 |

Appeal from the PCRA Order Entered May 24, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010473-2015

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.: **FILED JULY 25, 2024**

Appellant, Albert Lassiter, who is serving a sentence of 28—60 years' imprisonment for multiple sexual offenses against a child, appeals from an order denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—9546. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The PCRA court summarized the evidence adduced during Appellant's trial as follows:

When T.L. (the victim) was ten years old, she lived in a three-bedroom house in Philadelphia with her father (Appellant), her Uncle Reynard, and her four siblings. One night, T.L. and her siblings were asleep in the back bedroom. T.L. fell asleep on the floor next to her sister, A.L., however, when T.L. awoke, they were no longer near each other. Instead, T.L. felt somebody touching her and saw that it was Appellant. He touched her legs and used his penis to touch her vagina.

T.L. also spent time with Appellant, Uncle G, and her siblings in a three-bedroom house located on Gratz Street in Philadelphia. On one occasion, T.L. was asleep in the middle bedroom with A.L. and her three brothers. T.L. and A.L. slept next to each other at the top of the bed, while the three boys slept near the bottom. When T.L. awoke to Appellant tapping her on her arm, she was no longer next to A.L. Appellant again touched T.L.'s vagina with his penis. T.L. felt his penis go inside of her vagina "[a] little bit[,]" which made her feel " uncomfortable." At a different time, Appellant showed T.L. a video on his phone of adults engaging in sexual acts.

Another incident took place in a three-bedroom house located on Estaugh Street in Philadelphia, where T.L. lived with Appellant, Ms. Lavonda (Appellant's girlfriend at the time), her three children, and T.L.'s siblings. In this house, the girls slept in the middle room, the boys slept in the back room, and Appellant and Ms. Lavonda stayed in the front room. On one occasion, Appellant woke up T.L. and told her to come downstairs to the living room. Appellant directed T.L. to remove her pajama pants and underwear. Laying behind her on the couch, Appellant placed his penis on and inside of T.L.'s vagina. T.L. noticed a "clear-ish, white" substance come out of Appellant's penis and go onto the couch. Appellant cleaned it up using a towel.

On another occasion at the same house, T.L. was asleep in the front room with A.L. and Ms. Lavonda's daughter, M.P.B. Ms. Lavonda was working that night. T.L. awoke and saw Appellant in the bed next to M.P.B. T.L. noticed that M.P.B. was crying as Appellant touched her. M.P.B. told Appellant to stop and ran out

of the room. Appellant then leaned over and told T.L. to move to M.P.B.'s place in the bed. He touched T.L.'s vagina with his penis.

On yet another occasion at the house on Estaugh Street, the children were outside riding their bikes when T.L. went to join them. Appellant told T.L. that she had to first perform oral sex on him. T.L. did not want to and was therefore put in the corner and told she could not ride her bike. After Appellant told T.L. she would "get a beating" if she refused, he placed his penis inside of her mouth while in the dining room.

In a different house, in which Ms. Lavonda did not reside, Appellant told T.L. to come to his bedroom. At first, he touched T.L.'s vagina with his penis, but then he placed his penis on her buttocks. Appellant used Vaseline on T.L.'s buttocks and attempted to place his penis inside, however T.L. told him it hurt. In the same house, T.L. shared a bedroom with A.L. On more than one occasion, Appellant tapped T.L. awake and told her to come to his room. After touching her, he placed his penis inside of T.L.'s mouth. The same "clear-white" substance came out of Appellant's penis.

T.L. did not disclose the incidents to her mother, Ms. Bradley, because she was afraid she would get into trouble. Rather, on August 13, 2015, T.L. first told her mother's close friend, Ms. Polk. Ms. Polk then called Ms. Bradley. Following the call, Ms. Polk drove T.L. to Ms. Bradley's house. After Ms. Bradley spoke to T.L., she called the police. She then questioned her children one at a time, and it was at this point that A.L. disclosed that she, too, had been touched by Appellant. A.L. told both Ms. Bradley and Ms. Polk that Appellant touched her vagina, placed his penis inside of her mouth, and used Vaseline on her buttocks.

PCRA Opinion, 5/17/23, at 1-4.

During trial, the court dismissed the charges against Appellant relating to M.P.B. The jury found Appellant guilty of multiple sexual offenses relating

to T.L. and A.L.[1]  On May 25, 2018, the court imposed sentence.  Trial counsel filed timely post-sentence motions on behalf of Appellant, claiming that the evidence was insufficient to support the verdict, the verdict was against the weight of the evidence, and the sentence imposed was unreasonable.  Trial counsel simultaneously filed a motion to withdraw from further representation. The court granted counsel's motion to withdraw and appointed new counsel to represent Appellant on appeal.  The court denied Appellant's post-sentence motions, and Appellant appealed to this Court, which affirmed the judgments of sentence via memorandum opinion on December 23, 2020.  On January 8, 2021, Appellant filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on June 30, 2021.  Appellant did not seek further review in the United States Supreme Court.

On July 26, 2021, Appellant filed a timely *pro se* PCRA petition.  The court appointed new counsel, who filed an amended petition raising claims of ineffectiveness of trial and appellate counsel.  On March 4, 2022, the Commonwealth filed a motion to dismiss.  On March 20, 2022, counsel for

_____

[1] At CP-51-CR-0010472-2015, the jury found Appellant guilty of rape of a child (18 Pa.C.S.A. § 3121(c)); involuntary deviate sexual intercourse with a child (18 Pa.C.S.A. § 3123(b)); unlawful contact with a minor (18 Pa.C.S.A. § 6318(a)(1)); endangering welfare of children (18 Pa.C.S.A. § 4304(a)(1)); corruption of minors (18 Pa.C.S.A. § 6301(a)(1)(ii)); and indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)).  At CP-51-CR-0010473-2015, the jury found Appellant guilty of rape of a child (18 Pa.C.S.A. § 3121); involuntary deviate sexual intercourse with a child (18 Pa.C.S.A. § 3123(b)); unlawful contact with a minor (18 Pa.C.S.A. § 6318(a)(1)); endangering welfare of children (18 Pa.C.S.A. § 4304(a)(1)); corruption of minors (18 Pa.C.S.A. § 6301(a)(1)(ii)); and indecent assault of a person less than 13 years of age (18 Pa.C.S.A. § 3126(a)(7)).

Appellant filed a supplemental amended petition through counsel, and on April 18, 2022, the Commonwealth filed a supplemental motion to dismiss. The PCRA Court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, and on May 24, 2022, the court entered an order formally dismissing Appellant's PCRA petition.

On May 31, 2022, Appellant filed a *pro se* notice of appeal from the order denying PCRA relief, the appeal presently under review. On August 10, 2022, counsel for Appellant filed a motion to withdraw as counsel, which the Court granted. On August 19, 2022, the Court appointed new counsel to represent Appellant on appeal. Counsel filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, but on October 21, 2022, Appellant filed a motion seeking to proceed *pro se* and file a *pro se* Rule 1925(b) statement. On November 28, 2022, this Court entered an order directing the PCRA court to conduct a **Grazier**[2] hearing within 60 days. A video hearing was scheduled for January 23, 2023 but was rescheduled due to technical difficulties. On March 2, 2023, the PCRA Court held a **Grazier** hearing and determined that Appellant's waiver of counsel for purposes of his PCRA appeal was knowing, intelligent and voluntary. On March 3, 2023, the Court ordered Appellant to file a Rule 1925(b) statement of matters complained of on appeal. Appellant timely filed a *pro se* Rule 1925(b) statement on March 16, 2023. On May 17, 2023, the PCRA court filed its Rule 1925(a) opinion.

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

In this Court, Appellant raises the following issues, which we re-order for purposes of convenience:

1. Did the PCRA Court err in denying [the claim in] Appellant's PCRA Petition regarding Trial Counsel failing to properly preserve Petitioner's claim of prosecutorial misconduct?

2. Did the PCRA Court err in denying [the claim in] Appellant's PCRA Petition regarding Trial Counsel failing to rase Rule 600 violation claims?

3. Did the PCRA court err in denying [the claims in] Appellant's PCRA Petition regarding (a) Appellate Counsel failing to properly preserve Appellant's claim of hearsay regarding M.P.B. in the Pa.R.A.P. 1925(b) statement and (b) Appellate Counsel failing to raise two (2) issues preserved in post-sentence motions regarding the weight of the evidence and a harsh and unreasonable sentence?

4. Did PCRA Counsel err in failing to present claims of (1) alibi, citing after-discovered evidence and (2) falsified evidence, citing after-discovered evidence in Petitioner's'PCRA Petition?

5. Did the PCRA Court err in denying [the claim in] Appellant's PCRA Petition regarding Petitioner's argument that his conviction should be reversed due to a change in the law regarding hearsay at the Preliminary Hearing?

6. Did the PCRA Court err in denying a request for an evidentiary hearing in Appellant's PCRA Petition?

Appellant's Brief at 3.

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa. Super. 2019). We give great deference to the PCRA

court's findings of fact if they find any support in the certified record, but we do not give the same deference to the court's legal conclusions. *Id*.

Appellate raises multiple claims of ineffective assistance of trial counsel and appellate counsel. "[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz,* 84 A.3d 294, 311 (Pa. 2014). In addressing ineffective assistance of counsel claims, we are guided by the following authorities:

> [A] PCRA petitioner will be granted relief [for ineffective assistance of counsel] only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010) (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See Commonwealth v. Pierce,* 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali,* 10 A.3d 282, 291 (Pa. 2010).

*Spotz,* 84 A.3d at 311-12 (citations modified). The PCRA court may deny an ineffectiveness claim if the petitioner fails to meet any one of these prongs. *Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000).

We first address Appellant's claims of ineffective assistance of trial counsel. Appellant contends that trial counsel was ineffective for failing to object to a portion of the Commonwealth's closing argument. No relief is due.

During closing arguments, the Commonwealth stated, "[T.L.] told you that she remembers a time when she was in the room, her dad came in, and he went straight for the bed, and he went under the covers." N.T. 1/12/18 at 70. Trial counsel timely objected, drawing a sidebar discussion off the record. *Id.* at 70-71. Following the discussion, the Commonwealth continued with its closing argument. Although counsel subsequently moved for a mistrial, the Superior Court determined that the motion for mistrial was for other reasons, thereby rendering this particular claim waived on appeal. *Commonwealth v. Lassiter*, 2020 WL 7658412, *9 (Pa. Super., Dec. 23, 2020). Appellant maintains that counsel was ineffective for failing to preserve this objection.

A prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. *Commonwealth v. Holley*, 945 A.2d 241, 250 (Pa. Super. 2008). Thus, "not every intemperate or uncalled for remark by the prosecutor requires a new trial." *Commonwealth v. D'Amato*, 526 A.2d 300, 309 (Pa. 1987). "[I]n reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made." *Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa.

Super. 2009). In assessing prosecutorial misconduct claims, courts evaluate "whether a defendant received a fair trial, not a perfect one." *Commonwealth v. Rios*, 721 A.2d 1049, 1054 (Pa. 1998); *see Commonwealth v. Holley*, 945 A.2d at 250 (prosecutorial misconduct claims are evaluated under harmless error standard). In that regard, "prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." *Id.*

Appellant's claim does not warrant relief under these standards. T.L. testified that she awoke one night to find Appellant in the bed next to M.P.B., who was crying as Appellant touched her. M.P.B. told Appellant to stop and ran out of the room, at which point Appellant leaned over and told T.L. to move to M.P.B.'s place in the bed. Appellant then touched T.L.'s vagina with his penis. N.T. 01/10/18 at 69-71. Appellant argues that the prosecutor improperly embellished T.L.'s testimony by stating he "went straight for the bed and went under the covers." N.T. 1/12/18 at 70. Appellant argues that the prosecutor suggested that Appellant materialized instantly beneath T.L.'s covers. He further argues that this suggestion was so prejudicial to him that trial counsel was ineffective for failing to object to it, thus requiring a new trial.

We agree with the PCRA court that the reasonable inference from T.L.'s testimony is that Appellant did not magically appear in bed. Instead, he entered the room, walked to the bed and got under the covers. Such an inference is consistent with Appellant's direct acts as testified to in detail in this case. Not only was it a fair inference, but the prosecutor's fleeting remark did not prejudice the jury by creating a "fixed bias and hostility" toward Appellant that "imped[ed] their ability to weigh the evidence objectively and render a true verdict." *Holley*, 945 A.2d at 250. On the contrary, given the context of the record, the jury rendered a fair and true verdict based on the overwhelming evidence of Appellant's guilt.

Further, any potential harm posed by the prosecutor's inference was cured by the trial court's instructions to the jury. The court charged the jury that they were "not bound by the [attorneys'] recollection of the evidence," and that "[i]f there's a discrepancy between counsel's recollection and [their] recollection," they were to follow their own recollections. N.T. 01/12/18 at 44; *see also Commonwealth v. Baker*, 614 A.2d 663, 672 (Pa. 1992) (juries are presumed to follow court's instructions); *Commonwealth v. Green*, 581 A.2d 544, 562 (Pa. 1990) (noting with approval trial court's instruction that arguments of counsel do not constitute evidence upon which the jury may base its verdict and finding no reversible error as result). For these reasons, Appellant's ineffectiveness claim fails due to lack of arguable merit and absence of prejudice. *Commonwealth v. Baldwin*, 760 A.2d 883,

885 (Pa. Super. 2000) (where underlying claim is meritless, ineffectiveness inquiry ceases); **Commonwealth v. Fletcher**, 750 A.2d 261, 274 (Pa. 2000) (failure to demonstrate actual prejudice renders ineffectiveness claim unavailing on that basis alone).

Next, Appellant claims that the PCRA court erred in dismissing his claim that that trial counsel ineffectively failed to file a Rule 600 motion to dismiss the charges. We disagree.

The PCRA court correctly summarized Appellant's burden of proof as follows:

> [I]n this case, the, burden of production and persuasion lies with [Appellant]. That is, whereas "[a] timely Rule 600 motion [at the trial level] requires the Commonwealth to establish that it exercised due diligence in bringing a defendant to trial," [**Commonwealth v. Wiggins**, 248 A.3d 1285, 1289 (Pa. Super. 2021), here, [Appellant] is claiming on collateral review that trial counsel was ineffective for not pursuing a Rule 600 motion. As such, [Appellant] "bears both the burden of demonstrating that there was arguable merit to the proposed motion and that he was prejudiced by the failure of trial counsel to pursue it." **Id.** (citing **Commonwealth v. Natividad**, 595 Pa. 188, 938 A.2d 310, 322 (2007) ("A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness").

PCRA Court Opinion, 5/17/23, at 22-23.

The PCRA court correctly concluded that Appellant merely asserted boilerplate claims that the Commonwealth failed to exercise due diligence in bringing him to trial. Through counsel, Appellant filed both an amended PCRA petition and a 24-page supporting memorandum of law. His amended PCRA petition alleged that 860 days elapsed between the filing of the complaint and

- 11 -

commencement of trial, but he offered no evidence that the Commonwealth failed to act with due diligence at any point prior to trial. Instead, he baldly alleged, "The Petitioner asserts that the Commonwealth had the obligation to take reasonable steps to move the case to trial. Here, the Commonwealth did not exercise due diligence." Memorandum in Support of Amended PCRA Petition, at 21.

This Court recently held that boilerplate allegations of the Commonwealth's failure to exercise due diligence warrant dismissal, without an evidentiary hearing, of the petitioner's claim that trial counsel was ineffective for failing to file a Rule 600 motion. *Wiggins*, 248 A.3d at 1290-91 (affirming dismissal of PCRA petition without hearing where petitioner failed to articulate how or when the Commonwealth failed to exercise due diligence; "Wiggins bore the burden of alleging that the Commonwealth failed to exercise due diligence. Opining, without evidence, that it is possible that the Commonwealth failed to do so does not satisfy this burden"). We reach the same conclusion here.[3]

_____

[3] In 2021, our Supreme Court held that before a trial court excludes time from its Rule 600 time computation on the basis of "judicial delay," the Commonwealth must demonstrate that it has acted with due diligence. *Commonwealth v. Harth*, 252 A.3d 600, 617 (Pa. 2021). We do not apply this ruling here, since Appellant's trial took place three years before the Court issued *Harth*, and counsel cannot be ineffective for failing to predict future changes in governing law. *Commonwealth v. Brown*, 196 A.3d 130, 178 (Pa. 2018). Moreover, as discussed above, Appellant failed to make anything
*(Footnote Continued Next Page)*

We turn to Appellant's claims of ineffective assistance of appellate counsel. Appellant claims that appellate counsel was ineffective for waiving Appellant's objection to the admission of "course of conduct" hearsay statements from M.P.B. on direct appeal. We agree with the PCRA court that no relief is available.

On direct appeal, this Court held as follows:

> Appellant argues that the trial court erred in permitting several witnesses to testify about allegations involving M.P.B. through "course of conduct" hearsay testimony … [T]he trial court found that Appellant waived this claim, as his Rule 1925(b) statement did not identify "which allegation of error correspond[ed] to each piece of testimony," which precluded the court from conducting meaningful review. Trial Ct. Op. at 11; *see also* Pa.R.A.P. 1925(b)(4)(ii) (requiring that a Rule 1925(b) statement "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). Based on our review of the record, we agree that Appellant's claim is waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in a Rule 1925(b) statement are waived"); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

*Commonwealth v. Lassiter*, Nos. 3081-82 EDA 2018, at *12 (Pa. Super., Dec. 23, 2020).

In his amended PCRA petition, Appellant asserts that appellate counsel on direct appeal was ineffective for waiving the "course of conduct" hearsay issue. To begin, Appellant waived this issue by making the same error in his

_____

other than boilerplate allegations that the Commonwealth failed to exercise due diligence.

amended PCRA petition that appellate counsel made on direct appeal: Appellant did not identify what testimony constituted improperly admitted hearsay. His amended PCRA petition lacks any citations or even allusions to the alleged hearsay, making it impossible for the PCRA court to determine what evidence he believes was erroneously admitted. This claim was therefore unreviewable on PCRA review for the same reason it was unreviewable on direct appeal. *See Commonwealth v. Miner*, 44 A.3d 684, 687-88 (Pa. Super. 2012) (affirming dismissal of PCRA petition where PCRA court reasoned it was "Appellant's job to specify his claims and support them with proffers of evidence").

In his appellate brief, Appellant identifies four witnesses—Ms. Phillips, Ms. Castano, Officer Washington, and Detective Webb—whom he claims gave inadmissible hearsay testimony. Even if we overlook the fact that Appellant waived this argument by failing to identify these witnesses in his amended PCRA petition, review of the record establishes that this claim lacks arguable merit, because these witnesses did not say anything that constituted inadmissible hearsay. Phillips, M.P.B.'s mother, testified that (1) she received a call from Bradley, T.L.'s and A.L.'s mother, (2) Bradley sounded upset, (3) she talked to M.P.B. after the call ended, and (4) she then called the police. Although this testimony refers to the fact that Phillips had a conversation with M.P.B., this fact was not offered for the truth of what M.P.B. said during the conversation but merely to show Phillips' subsequent course of conduct

(calling the police). This testimony was not hearsay. *See Commonwealth v. Wade*, 226 A.3d 1023, 1033 (Pa. Super. 2020) (out-of-court statement offered not for its truth but to explain witness's course of conduct is not hearsay).

Castano, an employee at Philadelphia Children's Alliance ("PCA") did not provide any out-of-court statements from M.P.B. She only stated that a colleague at the PCA interviewed T.L. and A.L. while she, Castano, interviewed M.P.B. Castano did not introduce any statements M.P.B. made during that interview. Rather, her testimony served to introduce the video of T.L.'s interview at the PCA and explain her connection to the case.

The testimony of Detective Webb and Officer Washington did not contain out-of-court statements from M.P.B. Officer Washington never mentioned M.P.B. but only recounted receiving a report of sexual assault from her mother, Phillips. Detective Webb testified that he became involved in the case after receiving Officer Washington's report, and he recounted the steps he took as the assigned investigator. The detective mentioned in passing that he interviewed M.P.B., but the trial court sustained Appellant's objection to this testimony, and the detective did not refer to M.P.B. again.

In short, there was no inadmissible hearsay relating to M.P.B. by any of the witnesses identified in Appellant's brief.

Appellant next argues that appellate counsel was ineffective for failing to contend on direct appeal that the verdict was against the weight of the evidence. This claim is without arguable merit.

A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that the evidence was sufficient to sustain the verdict. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). In reviewing a weight claim, trial judges must not simply reassess the credibility of the witnesses, as they "do not sit as the thirteenth juror." *Id.* at 752. "Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* Stated another way, "[a] verdict is said to be contrary to the evidence such that it shocks one's sense of justice when the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience." *Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa. Super. 2007).

The PCRA court, which also presided over Appellant's trial, aptly addressed this issue in its opinion:

> Having had the opportunity to observe the demeanor of the witnesses as well as consider the evidence submitted at trial, this Court discerned nothing unreliable or shocking with respect to the jury's verdict. [Appellant]'s oldest victim, T.L., testified directly and in detail as to the sexual abuse she sustained at the hands of her father. (*See* N.T. 01/10/18 (trial) at 53-83). T.L.'s testimony

- 16 -

was corroborated by the video of the interview she gave at [the PCA]. (**See** N.T. 01/11/18 (trial) at 79, 84, 88-89). While T.L.'s younger sister, A.L. -- who was eight years old at the time of trial -- was deemed a competent witness (see N.T. 01/10/18 (competency hearing) at 4-12), A.L. was determined to be unavailable to testify due to serious emotional distress. (**See** N.T. 01/10/18 (tender years hearing), at 4-11, 38-40). Accordingly, A.L.'s statements to her mother were introduced pursuant to the Tender Years Act. **See** N.T. 01/10/18 (tender years hearing), at 40, 47; see N.T. 01/10/18 (trial) at 131-133, 155-157). Without question, the jury was entitled to credit this testimony. In fact, the Superior Court explicitly ruled as such on direct appeal. (**See Commonwealth v. Albert Lassiter**, No. 3082 EDA 2018 (Mem. Op. at 13-18) (Pa. Super. filed December 23, 2020) (holding that A.L.'s statements under the tender years hearsay exception were properly admitted as substantive evidence). Accordingly, that the jury credited this testimony and convicted [Appellant] based on all the evidence submitted hardly shocks one's sense of justice, much less caused this jurist to lose her breath and almost fall from the bench …

PCRA Court Opinion, 5/17/23, at 13. We agree with this analysis and conclude that this issue does not warrant relief.

Appellant argues that appellate counsel was ineffective for failing to argue on direct appeal that Appellant's sentence was excessive and an abuse of discretion. This claim lacks arguable merit.

The PCRA court thoroughly addressed this issue in its opinion:

It is well settled that sentencing is a matter vested in the discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. **Commonwealth v. Gribble**, 703 A.2d 426, 437 (Pa. 1997). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision…" **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (citations and internal quotations omitted). A reviewing

- 17 -

court must accord great weight to the sentencing court's discretion because it is in the best position to view a defendant's character, exhibition of remorse, indifference, and the general nature of the crime. *See Commonwealth v. Sierra*, 752 A.2d 910, 915 (Pa. Super. 2000); *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (en banc).

Here, the record demonstrates that the Court considered all relevant facts and circumstances and thoroughly explained its rationale prior to imposing sentence. Specifically, in addition to [Appellant]'s Presentence Investigation (PSI), mental health evaluation and the sentencing guidelines, the Court expressly considered the protection of the public, the gravity of the offenses as it relates to the impact on the community, the impact on the victims including the statement read into the record at sentencing, the character and condition of [Appellant], including the support of his family and character letters that were attached to his sentencing memorandum, as well as [Appellant]'s lack of remorse and lack of rehabilitative potential. (*See* N.T. 05/25/18 at 4-28). Thus, the record demonstrates that the Court duly considered all relevant factors and circumstances prior to imposing a sentence tailored to this particular defendant. As such, [Appellant]'s underlying claim fails, affording no basis for relief. *See Commonwealth v. Baldwin*, 760 A.2d at 885 (where underlying claim is meritless, inquiry into counsel's actions ceases as counsel cannot be ineffective for failing to assert meritless claim).

Nor could [Appellant] demonstrate prejudice. There is no dispute that [Appellant] received a sentence within the guideline range (*see* [Appellant]'s Supplemental Amended PCRA Petition at 18; N.T. 05/15/18 at 5, 9, 24; Commonwealth's Sentencing Memorandum at 1-2). Indeed, for one count of rape of a child alone, the sentencing guidelines are 72 months to the statutory limits, plus or minus 12 months. On CP-51-CR-0010472-2015, the Court sentenced [Appellant] to 10 to 20 years' incarceration for rape of a child, a concurrent term of 10 to 20 years' incarceration for IDSI with a child, a consecutive term of 4 to 10 years' incarceration for unlawful contact with a minor, and concurrent terms of 2 to 4 years' incarceration for each of his three remaining convictions, yielding an aggregate sentence of 14 to 30 years' incarceration. (*See* N.T. 05/25/18 at 26-27). The Court then imposed an identical sentence of 14 to 30 years' incarceration on CP-51-CR-0010423-2015, which it ran consecutive to the other transcript, yielding a combined aggregate

sentence of 28-60 years' incarceration, all within the guideline range. Inasmuch as [Appellant] is complaining that the Court ran his sentences, for each of his victims, consecutively, he has only himself to blame.

More fundamentally, "[a sentencing] court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question" to permit appellate review. *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). Rather, "[t]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Id.* at 171-172 (citation omitted). Simply put, considering the nature of [Appellant]'s crimes and the length of imprisonment imposed, [Appellant]'s sentence is not remotely "unduly harsh." *Cf. Commonwealth v. Prisk*, 13 A.3d 526, 533 (imposition of consecutive sentences yielding aggregate sentence of 633 to 1500 years' incarceration for sexual abuse of stepdaughter was not excessive). As such, the Court's sentence in this case would not have presented a substantial question to permit appellate review.

PCRA Court Opinion, 5/17/23, at 15-17. We agree with this analysis and conclude that this issue does not warrant relief.

Next, Appellant claims that PCRA counsel was ineffective for not raising a claim of after-discovered evidence in Appellant's amended PCRA petition. This claim lacks arguable merit because none of the alleged after-discovered evidence was exculpatory, and because Appellant has not explained how it would be used for anything other than impeachment.

First-time PCRA petitioners "have a rule-based right to counsel" that embodies "a right to effective assistance of counsel in PCRA proceedings." *Commonwealth v. Peterson*, 192 A.3d 1123, 1130 n.3 (Pa. 2018). Thus,

- 19 -

a petitioner may challenge PCRA counsel's effectiveness "at the first opportunity to do so, even when on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 386 (Pa. 2021).[4] When Appellant raises this type of layered ineffectiveness claim, he must plead and prove "each of the three prongs of ineffectiveness relevant to each layer of representation." **Commonwealth v. Parrish**, 273 A.3d 989, 1003 n.1 (Pa. 2022).

To obtain relief based upon after-discovered evidence, Appellant bears the burden of proving that the allegedly new evidence (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted. **Commonwealth v. Randolph**, 873 A.2d 1277, 1283 (Pa. 2005). If Appellant fails to meet any

---

[4] Our Supreme Court recently observed that **Bradley** limited the right to raise ineffectiveness claims against PCRA counsel to "*after* the petitioner obtain[s] new counsel or elect[s] to proceed *pro se*." **Commonwealth v. Greer**, — A.3d —, 2024 WL 2854844, *1 (Pa., Jun. 6, 2024). When a petitioner seeks to raise **Bradley** claims against his current counsel while his petition is pending on appeal, this Court must remand the case to the PCRA court for an on-the-record colloquy with the petitioner about his right to counsel, his inability to proceed through hybrid representation, and how he wishes to proceed. **Id.** The complication addressed in **Greer** does not arise in this case, since Appellant is proceeding *pro se* in this appeal after knowingly, intelligently and voluntarily relinquishing his right to counsel before the PCRA court in a **Grazier** hearing.

one of these elements, relief must be denied.  ***Commonwealth v. Pagan***, 950 A.2d 270, 292-93 (Pa. 2008).

In his original *pro se* PCRA petition, Appellant claimed that he discovered three exculpatory facts after trial.  On appeal, he only raises two.  First, he claims that there were three men on parole who were living at his brother's Gratz Street home.  Appellant's Brief at 24.  This evidence was not of such a nature and character that a different verdict would likely result if a new trial were granted.  Having spent significant time at that home, Appellant offers no explanation for why he would not have known who lived there at the same time as he did.  Furthermore, he offers no affidavits from any of the parties he mentions in his brief.  He claims that the fact that there were more people living at the Gratz Street home than he originally believed "disproves several accounts of sexual abuse."  ***Id.*** at 24.  Even accepting this "new evidence" as true, Appellant offers no explanation for how this "evidence disproves several accounts of sexual abuse," other than to say the parolees were assigned to rooms where the abuse occurred.  ***Id.***  The abuse in this home was far from the only occurrence of sexual abuse perpetrated by Appellant.  Furthermore, the fact that parolees were assigned to rooms where sexual abuse occurred does not foreclose the possibility that those people were not in their rooms or at home at the time of the abuse.

Second, Appellant claims that T.L.'s mother's friend, Polk, falsely stated she only had two daughters, neglecting to mention that she had two sons as

well.  Appellant does not explain how this would be used for anything other than impeachment purposes and therefore, his claim necessarily fails.

Accordingly, we reject Appellant's claim that PCRA counsel was ineffective for failing to raise a claim of after-discovered evidence in Appellant's amended PCRA petition.

Next, Appellant argues that he is entitled to relief under ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020), which held that under due process principles, prohibited the Commonwealth from relying solely on hearsay testimony during a preliminary hearing.  The PCRA court correctly denied this claim.

We begin by noting that Appellant did not raise his ***McClelland*** argument as a claim of ineffective assistance of counsel.  Appellant raised ***McClelland*** in a supplemental amended PCRA petition that the PCRA court accepted for review.  Appellant did not argue in his supplemental petition that trial counsel was ineffective for failing to raise ***McClelland***.  Nor would this argument have been successful, since, as discussed above, counsel cannot be ineffective for failing to predict future changes in governing law.  ***Brown***, 196 A.3d at 178.  Further, Appellant did not argue that counsel on direct appeal was ineffective for failing to raise ***McClelland*** during that appeal.  Instead, Appellant argued that ***McClelland*** entitled him to relief under 42 Pa.C.S.A. § 9543(a)(2)(i), a provision which requires proof of "a violation of the Constitution of this Commonwealth or the Constitution or laws of the United

- 22 -

States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.*

The PCRA court first observed that *McClelland* was decided nearly five years after Appellant's preliminary hearing and "has not been held to apply retroactively." PCRA Opinion at 24. Even assuming without deciding whether *McClelland* announced a new rule that applies retroactively, the PCRA court correctly determined that it did not assist Appellant's cause. The PCRA court opined:

> [Appellant] contends that, much like at trial, A.L. was unable to testify against him and therefore her hearsay statements to her mother were submitted to establish a *prima facie* case. [Appellant] fails to recognize, however, that those same statements were admitted at trial pursuant to the Tender Years Act exception to hearsay. In that regard, "[the] purpose of [a] preliminary hearing is not to prove guilt but to avoid defendant's incarceration or trial unless sufficient evidence establishes [a] crime was committed and probability that defendant was involved; 'Once [an] appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]'" *Commonwealth v. Rivera*, 255 A.3d 497, 504 (2021) [*reversed on other grounds*, 296 A.3d 1141 (Pa. 2023)]; *see also Commonwealth v. Ballard*, 460 A.2d 1091, 1092 (Pa. 1983) ("A finding at a preliminary hearing that sufficient evidence exists to require a defendant to stand trial is not subject to review if there has been a subsequent independent judicial judgment that there is sufficient evidence to require the defendant to stand trial"); *Commonwealth v. Mignogna*, 585 A.2d 1, 4 (Pa. Super. 1990) (deficiency in evidence at preliminary hearing cured where trial judge determines trial evidence is sufficient for submission to jury). Thus, "the Supreme Court did not intend to extend *McClelland's* holding to cases such as this one, where the complained-of defect in the preliminary hearing is subsequently cured at trial." *Commonwealth v. Rivera*, 255 A.3d at 503 (citations omitted). As such, [Appellant]'s claim is unavailing.

- 23 -

PCRA Court Opinion, 5/17/23, at 25. We agree with this analysis and conclude that **McClelland** does not afford Appellant relief.

Finally, Appellant contends that the PCRA court erred by not granting him an evidentiary hearing. We disagree.

"A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings. **Commonwealth v. Taylor**, 933 A.2d 1035, 1040 (Pa. Super. 2007). Moreover, "an evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim o£ ineffectiveness." **Commonwealth v. Roney**, 79 A.3d 595, 605 (Pa. 2013). The PCRA court carefully reviewed Appellant's claims and concluded that none of them raised any issue of material fact or had legal merit. Thus, it correctly concluded that no evidentiary hearing was necessary.

For these reasons, we conclude that the PCRA court properly dismissed Appellant's amended PCRA petition and supplemental amended PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/25/2024